Filed 5/14/13

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br> Plaintiff and Respondent,<br><br>v.<br><br>BRANDY DEANN ERMI,<br><br> Defendant and Appellant. | 2d Crim. No. B241397<br>(Super. Ct. No. 2011027528)<br>(Ventura County) |

A probationer may devise a method to hide illicit drugs. "Search terms" allow a peace officer to search any area over which the probationer has control or access. Here, a probationer's girlfriend, appellant, lives with him in an apartment. We conclude that his girlfriend's purse, which is on a chair in their bedroom, is subject to search because this is a repository over which the probationer has control or access. A probationer has no entitlement to Fourth Amendment protections because of ingenuity in selecting a hiding place for drugs.

*Facts*

On the evening of August 1, 2011, Oxnard Police Officer Paul Knapp knocked on Ronald Williams' apartment door to conduct a probation search. Williams was on probation with "search terms." Appellant, William's girlfriend, answered the door and summoned Williams. He emerged from the bedroom and greeted Officer Knapp. Appellant said that she, Williams, and their son shared the bedroom.

Officer Knapp entered the cluttered bedroom and saw a lot of bags, boxes, and things strewn about. A tan purse was on a chair in the middle of the room. Officer Knapp picked it up. Appellant said it was her purse and that she needed medication out of the purse.

Officer Knapp said that he would retrieve the medication and did not want appellant reaching into bags while he was conducting the search.

Inside the purse was a small makeup bag. Officer Knapp, in his 16 year law enforcement career, had seen males and females carry drugs in similar makeup bags. Appellant claimed that the makeup bag was not hers, that she didn't know how it got in the purse, and that a friend had borrowed the purse. Appellant was extremely nervous, had dilated pupils, and appeared to be under the influence of a controlled substance.

Officer Knapp looked in the makeup bag and found a glass vial of methamphetamine, a lighter, and a glass smoking pipe. Elsewhere in the bedroom, Officer Knapp found a camera bag with small, skull-patterned Ziploc bags, a digital scale and a long metal spoon, and another glass smoking pipe. The scale and spoon had white residue consistent with methamphetamine, and a vial of methamphetamine was in the laundry basket by the bedroom door. These items were seized and appellant was placed under arrest.

*Trial Court Ruling*

Citing *People v. Smith* (2002) 95 Cal.App.4th 912 (*Smith*), the trial court denied the motion to suppress because Williams and appellant had joint control and "possession of the bedroom and all of the items in it . . . . Certainly there was access to a purse out in the middle of the bedroom."

*Joint Control or Access*

An officer conducting a probation search, may search those portions of a residence over which the officer reasonably believes the probationer has joint control or access. (*People v. Woods* (1999) 21 Cal.4th 668, 682; *Smith, supra*, 95 Cal.App.4th at p. 919 [probation search may include common areas shared by nonprobationer).)

Appellant argues that Officer Knapp had no reason to believe the purse belonged to Williams. Relying upon *People v. Veronica* (1980) 107 Cal.App.3d 906, appellant asserts that a purse is a distinctly female depository and no officer would believe it belonged to a male probationer. But in *Veronica* the Court of Appeal stated: "We do not, of course, suggest that simply because a garment or container is clearly designed for a person other than the parolee, that it may never be searched under the parolee's prerelease consent.

2

The particular circumstances may indicate that the object is, in fact, one of the parolee's own effects or, at least, jointly possessed by him and another." (*Id.*, at p. 909.)

*People v. Baker* (2008) 164 Cal.App.4th 1152, also relied upon by appellant, is distinguishable. There an officer stopped a male parolee driver and searched the car. Baker, the only female in the car, was in the passenger seat with her purse at her feet. The officer asked her to exit the car, looked in the purse, and found methamphetamine. The Court of Appeal held that "there could be no reasonable suspicion that the purse belonged to the [male] driver, that the driver exercised control or possession of the purse, or that the purse contained anything belonging to the driver. [Citation.]" (*Id.*, at p. 1159.) We agree with the *Baker* holding. It does not require suppression of evidence here. Here, the probationer shared a bedroom with appellant and had control or access to the purse and other hiding places in the bedroom.

In *Smith, supra,* 95 Cal.App.4th 912, officers conducted a probation search of a bedroom and found a baggie of marijuana in a robe hanging in the closet, baggies with methamphetamine residue in containers, and a line of cut methamphetamine on a mirror inside a fold-up desk. (*Id.*, at p. 914.) Defendant (the probationer's girlfriend) told the officer that a gun was in a locked safe and that the safe key was in her purse, hanging on the bedroom closet door. Defendant gave the officer permission to retrieve the key. After the officer retrieved the key, a narcotics police dog indicated that drugs were in the purse and the officer found a plastic bag of methamphetamine in the purse. (*Id.*, at p. 915.)

The *Smith* court held that the critical issue is not whether the purse was female or gender neutral but whether the officer reasonably believed that the purse was under the probationer's control "*or one to which he at least had access.* [Citation.]" (*Id.*, at p. 919, emphasis added.)

Here the purse was on a chair in the middle of a cluttered bedroom that Williams shared with appellant. Officer Knapp saw Williams emerge from the bedroom moments before the search. (See e.g., *People v. Schmitz* (2012) 55 Cal.4th 909, 932.) Based on his training and experience, Officer Knapp had seen probationers hide contraband in a roommate's belongings to avoid detection. We conclude that substantial evidence supports the trial court's express factual finding of control or access. (*Smith, supra,* 95 Cal.App.4th at

3

p. 918; *People v. Boyd* (1990) 224 Cal.App.3d 736, 745-746 [search of leather bag in trailer occupied by parolee and girlfriend].)  To rule otherwise would enable a probationer to flout a probation search condition by hiding drugs in a cohabitant's purse or any other hiding place associated with the opposite gender[1]  Persons who live with probationers cannot reasonably expect privacy in these circumstances.  (*People v. Woods, supra,* 21 Cal.4th at pp. 675-676.)

The judgment (order denying motion to suppress evidence) is affirmed.

CERTIFIED FOR PUBLICATION.


                                                        YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

---

[1] For the first time on appeal appellant argues that there is no evidence that William's probation search terms included search of the residence.  Appellant forfeited the claim by not raising it at the hearing on the motion to suppress.  (*People v. Williams* (1999) 20 Cal.4th 119, 130-131.)

4

Donald Coleman, Judge

Superior Court County of Los Angeles

_____


Lyna Woodward , under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Noah P. Hill, Deputy Attorney General, for Plaintiff and Respondent.