Filed 10/22/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re RICARDO P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RICARDO P.,<br><br>        Defendant and Appellant. | A144149<br><br>(Alameda County<br>Super. Ct. No. SJ14023676) |

Ricardo P. appeals from a juvenile court order finding that he committed two felony counts of first degree burglary, declaring him to be a ward of the court, and placing him on probation. One of his probation conditions requires him to submit to warrantless searches of his "electronics including passwords." He challenges this condition on the grounds that it (1) permits illegal eavesdropping under Penal Code section 632, (2) is not reasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), and (3) is unconstitutionally overbroad.[1]

Several appeals are pending in this court that involve challenges to similar conditions imposed by the same Alameda County juvenile court.[2] And three other divisions recently issued opinions, two of which were published, addressing the legality

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

[2] The cases of which we are aware are *In re J.R.* (A143163), *In re P.F.* (A143586), and *In re A.R.* (A144398).

of these types of conditions.  In one of the published opinions, Division Two held that a probation condition requiring a juvenile to submit to warrantless searches of her "electronics" and provide her "passwords" to her probation officer was invalid under *Lent*, *supra*, 15 Cal.3d 481.  (*In re Erica R.* (2015) 240 Cal.App.4th 907, 910-911 (*Erica R.*).)  In the other published opinion, Division Three held that a probation condition requiring a juvenile to submit to warrantless searches of his "electronic devices" and provide "passwords" to those devices and social-media sites was unconstitutionally overbroad.[3]  (*In re Malik J.* (2015) 240 Cal.App.4th 896, 899-900 (*Malik J.*).)

Although we employ different reasoning, we agree with our colleagues that a probation condition requiring, without limitation, a juvenile to submit to warrantless searches of electronic devices and accounts cannot be sustained.  Although Ricardo's condition does not run afoul of either section 632 or *Lent*, *supra*, 15 Cal.3d 481, it is overbroad because it infringes on his rights to privacy and expression without being sufficiently tailored.  We therefore strike the condition and remand to the juvenile court for it to tailor a condition to Ricardo's particular circumstances.  We otherwise affirm the judgment.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

In February 2014, when he was almost 18 years old, Ricardo and two adults broke into two homes in San Jose.[4]  They were chased out of the first home before they could take anything.  A few hours later, they stole costume jewelry from the second home, and all three were soon apprehended.

Several months later, the Santa Clara County District Attorney filed a petition under Welfare and Institutions Code section 602, subdivision (a) seeking to have Ricardo declared a ward of the court.  The petition alleged two felony counts of first degree

---

[3] Division Four issued the nonpublished decision on October 19, 2015.

[4] The facts in this paragraph are drawn from an October 2014 probation report.

burglary.[5]  After Ricardo admitted the petition's allegations, the case was transferred to Alameda County for disposition.

At the dispositional hearing, the juvenile court declared Ricardo a ward of the court and placed him on probation with various conditions.  These included conditions prohibiting him from using or possessing controlled substances, associating with people he "know[s] to use, deal[,] or possess illegal drugs," and having any contact with the two adult coparticipants in the burglaries.  Additional conditions were imposed to facilitate monitoring of Ricardo's compliance with the terms of his probation.  These included conditions requiring him to submit to drug testing and to "[s]ubmit person and any vehicle, room[,] or property, electronics including passwords under [his] control to search by Probation Officer or peace office[r] with or without a search warrant at any time of day or night."[6]  We shall refer to the portion of the latter condition permitting searches of "electronics including passwords" as the electronics search condition.[7]

Ricardo objected to the drug-related conditions on the basis there was no evidence he used drugs.  In response, the juvenile court cited the following language from the dispositional report:  "In regards to the present offense, the minor reported he wasn't thinking.  He continued by saying that he stopped smoking marijuana after his arrest because he felt that [it] did not allow him to think clearly."  When Ricardo then objected to the electronics search condition, the court responded, "I think the law is very clear that [such a condition] is appropriate[,] . . . particularly [for] minors or people that are [Ricardo's] age.  I find that minors typically will brag about their marijuana usage or drug

---

[5] Both allegations were made under sections 459 and 460, subdivision (a).

[6] The quoted search-condition language appears in the amended minute order from the dispositional hearing.  In its oral pronouncement, the juvenile court did not use the phrases "under [his] control" or "with or without a search warrant," but both appeared in the probation order that Ricardo signed.  Under these circumstances, we conclude the written condition controls.  (See *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346.)

[7] The juvenile court apparently formulated on its own the phrase "electronics including passwords," as that language did not appear in the search condition proposed by the probation department in the dispositional report.

3

usage, particularly their marijuana usage, by posting on the Internet, showing pictures of themselves with paraphernalia, or smoking marijuana. It's a very important part of being able to monitor drug usage and particularly marijuana usage."

## II.
## DISCUSSION

### A. *The Meaning of the Electronics Search Condition.*

Before discussing the merits of Ricardo's claims, we address how the electronics search condition should be construed.[8] In interpreting a probation condition, we rely on "context and common sense" and give the condition " 'the meaning that would appear to a reasonable, objective reader.' " (*People v. Olguin* (2008) 45 Cal.4th 375, 382 (*Olguin*); *In re Ramon M.* (2009) 178 Cal.App.4th 665, 677.) We may also consider any of the juvenile court's "additional oral or written comments clarifying" the condition. (*In re Sheena K.* (2007) 40 Cal.4th 875, 891 (*Sheena K.*).)

The word "electronics" in the electronics search condition is most fittingly defined as "electronic devices." (Merriam-Webster's Collegiate Dict. (11th ed. 2003) p. 402; American Heritage Dict. (4th ed. 2000) p. 576; see *Wasatch Property Management v. Degrate* (2005) 35 Cal.4th 1111, 1121-1122 [courts may rely on dictionaries "to ascertain the ordinary, usual meaning of a word"].) The parties agree that the word covers "electronic devices," and they agree that it should be construed to include both the physical device and the *data* contained on the device. This construction makes sense. If the term "electronics" did not include data, it would be redundant since Ricardo is separately required to submit to searches of his "property." And the condition's reference to "passwords" further suggests the condition was intended to permit data searches.

The closer question is whether, as both parties contend, the electronics search condition encompasses not just data stored on electronic devices themselves but also electronic accounts, such as social-media accounts, that, while not stored on electronic devices, can be accessed through them. Had the juvenile court not explained why it was

---

[8] We requested and received supplemental briefing on this issue from the parties.

4

imposing the condition, we would hesitate to agree that the condition includes such accounts. An account accessible through an electronic device, such as an account on a social-media site like Facebook, may be electronic but is not *an* "electronic." And the inclusion of the word "passwords" is not determinative since, although electronic accounts generally have passwords, many electronic devices do as well (such as smartphones that are unlocked with a password).

Both parties, however, point to the juvenile court's explanation that it intended the electronics search condition to permit monitoring of whether Ricardo was "brag[ging] about [his] marijuana usage or drug usage . . . by posting on the Internet, showing pictures of [himself] with paraphernalia, or smoking marijuana." This explanation clarifies that the condition was meant to include at least electronic accounts through which a person can post information, including photographs, on the Internet. Thus, in evaluating Ricardo's claims, we accept the parties' interpretation of the condition to include both data stored on electronic devices and data in electronic accounts accessed through these devices.[9]

---

[9] Although our interpretation comports with the understanding of the juvenile court and the parties, the electronics search condition is far from clear. We do not address in this opinion whether the condition is unconstitutionally vague, because Ricardo does not claim that it is. Still, as these types of conditions become increasingly common, courts and probation departments should take care to make them " 'sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated.' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 890; see also *In re E.O.* (2010) 188 Cal.App.4th 1149, 1153, 1157 ["probation conditions—particularly in juvenile cases—should be as comprehensible as possible"], italics omitted.) An example of a clearer condition is the one reviewed in *People v. Ebertowski* (2014) 228 Cal.App.4th 1170, which "required [the defendant] to (1) 'provide all passwords to any electronic devices, including cell phones, computers, or notepads, within your custody or control, and submit such devices to search at any time without a warrant by any peace officer' and (2) 'provide all passwords to any social media sites, including Facebook, Instagram and Mocospace and to submit those sites to search at any time without a warrant by any peace officer.' " (*Id.* at p. 1172.)

5

*B.*     *Ricardo Lacks Standing to Pursue His Claim Under Section 632.*

Section 632, subdivision (a) provides that "[e]very person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio," is subject to a fine, incarceration, or both.  Ricardo argues that the electronics search condition "must be stricken because it poses a risk of illegal eavesdropping" under section 632 in violation of the rights of anyone "with whom [he] communicates . . . [through] text and social media messaging" and that these people "may have claims under section 632" against the probation department.  (Capitalization and boldface omitted.)  The argument is unpersuasive.

To begin with, it appears that Ricardo forfeited the claim.  Although the Attorney General does not raise the forfeiture issue, nothing in the record indicates that Ricardo argued below that the electronics search condition could give rise to illegal activity under section 632.

But even if we assume that Ricardo preserved the claim, we reject it because he lacks standing.  His argument is that the electronics search condition might invade the privacy of the people with whom he communicates, not his own.  "Courts are created to resolve cases and controversies and not to render advisory opinions or resolve questions of purely academic interest.  Accordingly, courts will not consider issues tendered by a person whose rights and interests are not affected." (*B. C. Cotton, Inc. v. Voss* (1995) 33 Cal.App.4th 929, 947-948.)  Because the section 632 claim does not affect Ricardo's rights and interests, we decline to consider it.

*C.*     *The Electronics Search Condition Is Reasonable Under* Lent.

Ricardo next argues that the electronics search condition is invalid under *Lent*, *supra*, 15 Cal.3d 481.  We disagree.

When a minor is made a ward of the juvenile court and placed on probation, the court "may impose and require any and all reasonable conditions that it may determine

6

fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (Welf. & Inst. Code, § 730, subd. (b); see also *id.*, § 202, subd. (b).) " 'In fashioning the conditions of probation, the . . . court should consider the minor's entire social history in addition to the circumstances of the crime.' " (*In re R.V.* (2009) 171 Cal.App.4th 239, 246.) The court has "broad discretion to fashion conditions of probation," although "every juvenile probation condition must be made to fit the circumstances and the minor." (*In re Josh W.* (1997) 55 Cal.App.4th 1, 5; *In re Binh L.* (1992) 5 Cal.App.4th 194, 203.) We review the imposition of a probation condition for an abuse of discretion (*Olguin*, *supra*, 45 Cal.4th at p. 379), taking into account "the sentencing court's stated purpose in imposing it." (*People v. Fritchey* (1992) 2 Cal.App.4th 829, 837.)

Although a juvenile court's discretion to impose probation conditions is broad, it has limits. (*In re D.G.* (2010) 187 Cal.App.4th 47, 52.) Under *Lent*, which applies to both juvenile and adult probationers, a condition is "invalid [if] it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Lent*, *supra*, 15 Cal.3d at p. 486; *In re Josh W.*, *supra*, 55 Cal.App.4th at pp. 5-6.) "This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term." (*Olguin*, *supra*, 45 Cal.4th at p. 379.) We agree with *Erica R.*, *supra*, 240 Cal.App.4th 907 that the first two prongs under *Lent* required to invalidate the type of electronics search condition imposed here are met. But unlike *Erica R.*, we conclude that the third prong is not met and the condition is therefore valid under *Lent*. We explain our analysis of each of *Lent*'s three prongs.

The first prong under *Lent*, *supra*, 15 Cal.3d 481 that must be met to invalidate a probation condition requires the condition to have no relationship to the offender's crime. Ricardo argues the electronics search condition has no relationship to his crimes because there is no indication that he or the other perpetrators "used electronics or social media in connection with the burglaries." In response, the Attorney General speculates that

7

Ricardo and the two adults "may have planned or coordinated the offenses on their cell phone[s]." We agree with Ricardo that there is nothing in the record permitting an inference that electronics played a role in his crimes. Although a probation report indicates that Ricardo possessed two cell phones when he was arrested, there is no evidence that either was stolen or was used in any way related to the burglaries. Cell phones are omnipresent, and we are unwilling to infer from Ricardo's mere possession of the phones that they played some role in his criminal activity. (See *Riley v. California* (2014) 573 U.S. __, 134 S.Ct. 2473, 2484 ["[M]odern cell phones . . . are now such a pervasive and insistent part of daily life that the proverbial visitor from Mars might conclude they were an important feature of human anatomy"]; *In re Victor L.* (2010) 182 Cal.App.4th 902, 919-920 ["It is undeniable that cell phones and other wireless devices are in widespread use and are important media for communication"]; see also *Erica R.*, *supra*, 240 Cal.App.4th at pp. 912-913 [rejecting similar argument].)

The Sixth District Court of Appeal upheld under *Lent*'s first prong two probation conditions involving electronic devices and passwords after concluding that they had a relationship to the offender's crime. (*People v. Ebertowski*, *supra*, 228 Cal.App.4th at pp. 1172, 1176-1177.) But in that case, unlike here, there was a demonstrated nexus between use of electronics and the crimes. The defendant's offenses "were plainly gang related," the defendant admitted to a gang allegation, and there was evidence " 'the defendant ha[d] used social media sites historically to promote the . . . gang.' "[10] (*Id.* at pp. 1172-1173, 1176-1177.) In contrast, here there is no legitimate basis for inferring that electronic devices were connected to the commission of the burglaries. Therefore, we conclude that the electronics search condition has no relationship to the offenses at

---

[10] In *Malik J., supra,* 240 Cal.App.4th 896, Division Three implicitly upheld under *Lent, supra,* 15 Cal.3d 481 a probation condition authorizing some searches of a juvenile's electronic devices. (See *Malik J.*, at pp. 901-902, 906.) In that case, the condition was similarly related to the juvenile's crimes, which included stealing cell phones. (*Id.* at pp. 900, 902.)

issue, satisfying the first prong required to invalidate a condition under *Lent*, *supra*, 15 Cal.3d 481.

The second prong required to invalidate a probation condition—that the condition relates to conduct that is not in itself criminal—is also satisfied here. Ricardo claims there is nothing inherently illegal about using electronic devices, and the Attorney General does not contend otherwise. We agree with *Erica R.* that "the typical use of electronic devices . . . is not itself criminal." (*Erica R.*, *supra*, 240 Cal.App.4th at p. 913.)

But unlike *Erica R.*, *supra*, 240 Cal.App.4th at page 913, we conclude that the third prong required to invalidate a probation condition—that the condition forbids conduct unrelated to future criminality—is *not* satisfied. Ricardo argues that the electronics search condition is not reasonably related to future criminality because there was no evidence he had "used electronics and social media to communicate about anything illegal, including . . . his past marijuana use" and the juvenile court's explanation that minors are likely to brag about marijuana use on the Internet was "speculative." On this point, we disagree with him.

In *Olguin*, our state Supreme Court held that a probation condition "that enables a probation officer to supervise his or her charges effectively is . . . 'reasonably related to future criminality' " and does not satisfy the third prong required to invalidate a condition under *Lent* "even if [the] condition . . . has no relationship to the crime of which a defendant was convicted." (*Olguin*, *supra*, 45 Cal.4th at pp. 379-381.) There, the challenged condition required the defendant, who had been convicted of driving under the influence of alcohol, "to notify his probation officer of the presence of any pets at [the] defendant's place of residence." (*Id.* at p. 378.) Acknowledging that the challenged condition "ha[d] no relationship" to the defendant's crime and did not involve criminal conduct, the Supreme Court held that the condition was nevertheless valid under *Lent*, *supra*, 15 Cal.3d 481 because it protected the safety of the probation officer charged with "supervising [the] probationer's compliance with specific conditions of probation," which required "the ability to make unscheduled visits and to conduct unannounced searches of

9

the probationer's residence" to "deter[] future criminality." (*Olguin*, at pp. 380-381.) Unless our state Supreme Court departs from its holding in *Olguin*, we are bound to accept the principle that conditions reasonably related to enhancing the effective supervision of a probationer are valid under *Lent*.

Here, the electronics search condition is reasonably related to enabling the effective supervision of Ricardo's compliance with his other probation conditions. The record shows that the juvenile court was concerned about Ricardo's use of illegal drugs. The drug-related conditions directly address this concern, and the electronics search condition enables peace officers to monitor and enforce compliance with them. It does so by, for example, allowing text messages or Internet activity to be reviewed to assess whether Ricardo is communicating about drugs or with people associated with drugs. This monitoring may be helpful in ensuring Ricardo's compliance with other conditions as well, including the condition prohibiting him from having contact with the two adult coparticipants in the burglaries. While we might share some of Ricardo's skepticism about the prevalence of minors' boasting on the Internet about marijuana use, we cannot say that the court's identification of this phenomenon was speculative or that the court's reliance on it to impose the electronics search condition was so outside the bounds of reason as to constitute an abuse of discretion.

In *Erica R.*, Division Two reached a different result on the reasonableness of the relationship to future criminality, despite a nearly identical justification for the probation condition provided by the same juvenile court. (*Erica R.*, *supra*, 240 Cal.App.4th at pp. 910, 913.) In that case, our colleagues determined that " 'there [was] no reason to believe the [challenged condition would] serve the rehabilitative function of precluding [the minor] from any future criminal acts' " because there was nothing in the record about either her drug-possession offense or "social history that connect[ed] her use of electronic devices or social media to illegal drugs," and thus " 'nothing in [her] past or current offenses or [her] personal history that demonstrate[d] a predisposition' to utilize electronic devices or social media in connection with criminal activity." (*Id.* at p. 913, quoting *In re D.G.*, *supra*, 187 Cal.App.4th at p. 53.)

10

We decline to adopt this reasoning. Unlike the probation condition in *In re D.G.*, *supra*, 187 Cal.App.4th 47, the electronics search conditions here and in *Erica R.*, *supra*, 240 Cal.App.4th 907 are not about prohibiting particular conduct but are instead about enabling the effective supervision of probationers, which brings them within the ambit of *Olguin*, *supra*, 45 Cal.4th 375. Nothing in *Olguin*, nor in any other case of which we are aware, requires a connection between a probationer's past conduct and the locations that may be searched to uphold a search condition under *Lent*, *supra*, 15 Cal.3d 481.[11] Because no such connection is required, conditions permitting searches of probationers' vehicles, for example, are permissible regardless of whether the record shows that the probationer has access to a vehicle or has engaged in illegal activity related to a vehicle. Given the ubiquity of electronic devices, particularly cell phones, we cannot say that an electronics search condition is unreasonable simply because the record does not show that the probationer necessarily has access to such devices or has used them to engage in illegal activity. We therefore conclude that the electronics search condition here is valid under *Lent* because it is reasonably related to preventing future criminality.

> D.  *The Electronics Search Condition Is Overbroad Because It Is Not Narrowly Tailored to Further Ricardo's Rehabilitation.*

Although we conclude that the electronics search condition is reasonably related to preventing future criminality, and therefore valid under *Lent*, *supra*, 15 Cal.3d 481, we cannot uphold the condition as-is. We agree with Ricardo that the condition "is unconstitutionally overbroad because it is not narrowly tailored to limit the impact on [his] privacy rights." (Capitalization and boldface omitted.)

When a probation condition imposes limitations on a person's constitutional rights, it " 'must closely tailor those limitations to the purpose of the condition' "—that is, the probationer's reformation and rehabilitation—" 'to avoid being invalidated as unconstitutionally overbroad.' " (*Olguin*, *supra*, 45 Cal.4th at p. 384; *In re Victor L.*, *supra*, 182 Cal.App.4th at p. 910.) "The essential question in an overbreadth challenge is

---

[11] Such a connection may well be relevant, however, in determining whether a search condition is unconstitutionally overbroad, as discussed in section II.D. below.

11

the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the [probationer]'s constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.*, *supra*, 188 Cal.App.4th at p. 1153.) " ' "Even conditions which infringe on constitutional rights may not be invalid [as long as they are] tailored specifically to meet the needs of the juvenile." ' " (*In re Tyrell J.* (1994) 8 Cal.4th 68, 82, disapproved on other grounds in *In re Jaime P.* (2006) 40 Cal.4th 128, 130; *In re D.G.*, *supra*, 187 Cal.App.4th at p. 52.)

Although a probation condition imposed on a juvenile must be narrowly tailored to both the condition's purposes and the individual's needs, " ' " 'a condition . . . that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court.' " ' " (*In re Victor L.*, *supra*, 182 Cal.App.4th at p. 910, quoting *Sheena K.*, *supra*, 40 Cal.4th at p. 889.) "This is because juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed. The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents. And a parent may 'curtail a child's exercise of . . . constitutional rights . . . [because a] parent's own constitutionally protected "liberty" includes the right to "bring up children" [citation] and to "direct the upbringing and education of children." [Citation.]' " (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941.) Whether a probation condition is unconstitutionally overbroad presents a question of law that we review de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

Before we address the merits of Ricardo's overbreadth claim, we first question whether Ricardo properly preserved it. In objecting to the electronics search condition, Ricardo's counsel below stated, "I have a brief here that explains all of the grounds for objection; that it is not reasonably related to the crime or preventing future crime." But no such brief appears in our record, and the specific grounds expressed orally do not clearly raise the overbreadth issue. Although a claim that a probation condition is *facially* overbroad presents a question of law, and is therefore preserved without an

objection, an overbreadth claim "premised upon the facts and circumstances of the individual case" is generally forfeited absent an objection.  (*Sheena K.*, *supra*, 40 Cal.4th at pp. 885, 889.)  Ricardo makes clear that his claim is of the latter type, as he disavows any argument that the condition is "per se unconstitutional" but instead claims it "must be stricken as unconstitutionally overbroad because it is neither narrowly tailored to the underlying offense nor [him] in particular."  Nevertheless, the Attorney General does not argue that the issue was forfeited, and we exercise our discretion to reach it.  (See *People v. Williams* (1998) 17 Cal.4th 148, 161-162, fn. 6.)

Ricardo's overbreadth claim is based on his constitutional rights to privacy and expression.  (See *In re Carmen M.* (2006) 141 Cal.App.4th 478, 490 [recognizing juveniles' right to privacy]; *In re Antonio C.* (2000) 83 Cal.App.4th 1029, 1034-1035 [considering whether probation condition impermissibly infringed on juvenile's free speech rights]; see also *People v. Pointer* (1984) 151 Cal.App.3d 1128, 1139 [probation conditions may "infringe[] the exercise of a fundamental right to privacy protected by both the federal and state constitutions"].)  In making his claim, Ricardo focuses exclusively on the electronics search condition's ramifications for his cell phone use, which he claims distinguishes the condition from "traditional search conditions" permitting warrantless searches of a juvenile's person, residence, and other physical locations, which have generally been upheld against constitutional challenges.  (See, e.g., *In re Binh L.*, *supra*, 5 Cal.App.4th at pp. 204-205; *In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1502-1503.)  He argues that "cell phone data differs from other physical object[s]/records in both a qualitative and quantitative sense" because "[c]ell phones contain a digital record of nearly every aspect of the carriers' lives," including communications by text message and on the Internet, and the condition thus confers "the power to access [his] most intimate details:  his every move, association, political, religious[,] and sexual expression and thought."  Accordingly, in evaluating his claim, we consider only whether the condition is overbroad by permitting searches of cell phones and electronic accounts accessible through such devices.

13

We agree with Ricardo that the electronics search condition is overbroad because it is not "narrowly tailored for the purposes of public safety and rehabilitation" and "is not narrowly tailored to [him] in particular." The juvenile court's stated purpose in imposing the condition was to permit monitoring of Ricardo's involvement with illegal drugs, particularly marijuana. But the condition, as we and the parties have interpreted it, does not limit the types of data on or accessible through his cell phone that may be searched in light of this purpose. "Mobile application software on a cell phone, or 'apps,' offer a range of tools for managing detailed information about *all aspects* of a person's life," including financial, medical, romantic, and political. (*Riley v. California*, *supra*, 134 S.Ct. at p. 2490, italics added.) The information that might be contained in Ricardo's electronic accounts is similarly broad. The condition therefore permits review of all sorts of private information that is highly unlikely to shed any light on whether Ricardo is complying with the other conditions of his probation, drug-related or otherwise. As a result, we conclude that it is not narrowly tailored to accomplish Ricardo's rehabilitation.

In reaching our conclusion, we accept the Attorney General's point that, as we have mentioned, Ricardo's constitutional rights are significantly more limited than they would be if Ricardo were an adult or were not on probation. But however circumscribed Ricardo's rights may be compared to others', the electronics search condition is not narrowly tailored to avoid unnecessary infringement of those rights. Indeed, it is not tailored at all. We need not decide whether a probation condition that, without limitation, permits searches of a juvenile's cell phone data and electronic accounts might pass constitutional muster in some other hypothetical situation. We hold only that the electronics search condition here cannot be sustained because it is insufficiently tailored to its purpose of rehabilitating Ricardo in particular.

Although we conclude that the electronics search condition cannot stand as-is, we disagree with Ricardo that no electronics search condition is warranted at all. Ricardo argues that no such condition can be imposed because other probation conditions to which he is subject, including the drug-related conditions and the condition permitting standard searches, constitute "less restrictive alternatives to meet the state's goal[s] of

14

rehabilitation and public safety." But, in our view, a condition authorizing warrantless searches of *some* of Ricardo's cell phone data and electronic accounts allows for monitoring of his compliance with his other probation conditions in a way that a standard search condition simply cannot, and the overbreadth concern can be solved by limiting the authorization to searches of information that is reasonably likely to be relevant to Ricardo's rehabilitation. (See *People v. Ebertowski*, *supra*, 228 Cal.App.4th at pp. 1175-1176.) The juvenile court could, for example, validly limit searches to sources of electronic information that is reasonably likely to reveal whether Ricardo is boasting about his drug use or otherwise involved with drugs, such as text and voicemail messages, photographs, e-mails, and social-media accounts. Such a limitation would prohibit searches of data found in applications and websites involving matters like personal finance or medical care.

We recognize that Division Three found the probation condition in *Malik J.*, *supra*, 240 Cal.App.4th 896 to be overbroad for other reasons, but we conclude that those reasons do not require additional modifications of the electronics search condition here. To begin with, *Malik J.* "modified [the condition] to omit reference to . . . passwords to social media sites." (*Id.* at p. 906.) The court determined that the minor should not be required to disclose his passwords to those accounts because "identifying whether an electronic device is stolen has no relationship to accessing the contents of [the minor's] social media accounts." (*Id.* at p. 902.)

While we agree with *Malik J.*, *supra*, 240 Cal.App.4th 896 that allowing peace officers to access social-media accounts may be an ineffective means to determine whether a particular electronic device is stolen, we disagree that such access has no relationship to legitimate rehabilitative purposes. The minor's social-media accounts could reveal whether the minor continues to steal cell phones or engage in other criminal activity. In any event, in this case Ricardo's social-media accounts have a *direct* relationship to the juvenile court's reason for imposing the electronics search condition: that Ricardo might brag about his drug use "by posting on the Internet." Requiring a modification of the condition to preclude peace officers from obtaining Ricardo's

15

passwords to his social-media accounts would impede supervision of the very activity with which the juvenile court was concerned.

*Malik J.*, *supra*, 240 Cal.App.4th 896 also modified the probation condition to allow searches of an electronic device "only after the device has been disabled from any internet or cellular connection and without utilizing specialized equipment designed to retrieve deleted information that is not readily accessible to users of the device." (*Id.* at p. 906.) The court provided two rationales for these limitations: that information stored remotely or not immediately accessible "cannot be considered in the probationer's possession nor entirely within his or her control" and that "[r]emotely stored information may also implicate the privacy interests of third parties who are not otherwise subject to search or court supervision." (*Id.* at p. 903.)

These rationales do not require a similar modification of the electronics search condition here. To begin with, we question *Malik J.*'s premise that searching remotely stored or previously deleted data is unhelpful in determining whether a minor is continuing to steal electronic devices. (See *Malik J.*, *supra*, 240 Cal.App.4th at pp. 902-903.) It seems to us that searching this type of data may be helpful not only in determining whether the minor has stolen a particular device but also in monitoring whether the minor has stolen or is stealing other devices. Furthermore, we are aware of no requirement that something be in a probationer's *exclusive* or *immediate* control before it can be subject to a search condition. Probation conditions are routinely interpreted to permit searches of areas of a residence which "the probationer has joint control [over] or access" to, regardless of whether third parties also exercise control over those areas or whether the probationer is present when the search is conducted. (*People v. Ermi* (2013) 216 Cal.App.4th 277, 280, citing *People v. Woods* (1999) 21 Cal.4th 668, 682.)

Nor do we think that third-party privacy interests justify additional modifications of the electronics search condition. A trial court need not give any more consideration to such interests in imposing electronics search conditions than it must in imposing standard search conditions. As with standard search conditions, electronics search conditions are

16

limited to items or places within the probationer's control, regardless of whether that control is exclusive. And with juveniles, the probation conditions must be specifically tailored to facilitate the minor's rehabilitation, further limiting the potential that a search will impact a third party's privacy. Moreover, whether affected by a standard or an electronics search condition, third parties have certain remedies if the government attempts to use against them evidence obtained from a search of a probationer.[12] (See, e.g., *People v. Romeo* (2015) 240 Cal.App.4th 931, 935 [granting relief to defendant where search of home was based on probation status of other residents].) Finally, disabling an electronic device's Internet or cellular access or preventing its forensic examination does not fully protect third-party privacy interests anyway, because information accessible on the device itself can just as easily implicate those interests as remotely stored or previously deleted information can. In sum, we decline to order the same modifications here that were ordered in *Malik J.*, *supra*, 240 Cal.App.4th 896.

Neither party has proposed any modification of the electronics search condition to avoid the overbreadth problem we have identified, and the juvenile court is in the best position to determine which types of information must be subject to search to accomplish the condition's purpose. Accordingly, rather than modifying the condition ourselves, we strike it and remand for the court to impose a narrower condition if it wishes. (See *People v. Perez* (2009) 176 Cal.App.4th 380, 386; see also *In re E.O.*, *supra*, 188 Cal.App.4th at pp. 1157-1158.)

III.

DISPOSITION

The phrase "electronics including passwords" is ordered stricken from the amended minute order for the December 15, 2014 hearing setting forth the probation condition permitting warrantless searches. As so modified, the judgment is affirmed. On remand, the juvenile court may choose to impose a probation condition permitting

---

[12] We recognize that state and federal statutes, including the recently enacted California Electronic Communications Privacy Act (Stats. 2015, ch. 651), also impose limits on the government's ability to obtain private electronic information.

17

searches of a narrower range of electronic information related to the court's supervisory concerns. Such a condition could, for example, limit searches of Ricardo's cell phone and other devices to electronic information that is reasonably likely to reveal whether Ricardo is boasting about his drug use or activity, such as text and voicemail messages, photographs, e-mails, and social-media accounts.

_____
Humes, P.J.

We concur:

_____
Dondero, J.

_____
Banke, J.

Trial Court:                             Alameda County Superior Court

Trial Judge:                             Honorable Leopoldo E. Dorado

Counsel for Appellant:          Megan Hailey-Dunsheath, under appointment by the First District Appellate Project

Counsel for Respondent:       Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Acting Senior Assistant Attorney General, Donna M. Provenzano, Supervising Deputy Attorney General, Ronald E. Niver, Deputy Attorney General