Filed 11/24/15  P. v. Ashlock CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F069435 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. CRM031881) |
| ROBERT DEAN ASHLOCK, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Marc A. Garcia, Judge.

Kelly C. Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Gomes, Acting P. J., Kane, J. and Detjen, J.

## INTRODUCTION

Appellant Robert Ashlock pled no contest to a violation of Health and Safety Code section 11370.1, subdivision (a) and admitted suffering one prison prior after his motion to suppress evidence was denied. Ashlock filed a notice of appeal stating he challenged the denial of the motion to suppress. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We will affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On February 6, 2014, Merced Police Officer Reynaldo Alvarez was on duty. A tip had been received that a machine used to make fake credit cards was in one of the trailers located at an address on Chestnut Avenue. The tip did not indicate who was residing at the location or involved in the credit card scheme.

When he arrived at the Chestnut Avenue address, Alvarez saw one larger mobile home trailer and three smaller trailers on the property. Alvarez was accompanied by Detective Johnson. They knocked on the door of the larger mobile home and asked if they could go in and search the residence; they were told no.

At that point, Johnson and Alvarez walked over to another of the trailers on the property and knocked on the door. The two could hear people moving around inside the trailer. The door was answered by Ashlock. Ashlock was asked to step outside the trailer and he responded by stating he first wanted to get his shoes. As Ashlock was speaking, Gloria Gutierrez and another woman began to come out of the trailer.

Alvarez asked Gutierrez if she was on probation or parole. Gutierrez responded that she was on felony probation. Alvarez asked Gutierrez if she was on "probation with search and seizure." Gutierrez responded affirmatively. When asked who her parole officer was, she responded with the name of Probation Officer Mognis. Gutierrez indicated she currently was staying and sleeping at the trailer. At some point, Alvarez learned that Ashlock lived in the trailer, but could not recall if this information was provided before or after the search.

2.

After his conversation with Gutierrez, Alvarez had all three occupants step outside the trailer. Alvarez explained to the three that he was going to search the trailer because Gutierrez was on probation with a search condition. Johnson stayed outside with Ashlock and the women while Alvarez searched the trailer.

The trailer was fairly open inside; there were no separate rooms in it. There was an area with a bed and dresser, which was separated from the living area by a three foot divider wall. Alvarez found a box of .22 caliber bullets, a loaded .22 caliber revolver, a methamphetamine pipe, and a white crystal-like substance that appeared to be methamphetamine; all were found near the bed. From talking with Ashlock, Alvarez knew that Ashlock had suffered felony convictions and was prohibited from possessing firearms or ammunition.

Alvarez read Ashlock his rights pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436. Ashlock confirmed he understood his rights and proceeded to speak with Alvarez. Ashlock stated that he needed the firearm for protection because he lived in Winton and "it's dangerous out here." Ashlock also acknowledged that the methamphetamine was his; he claimed he was a "user" but did not sell the drug. Ashlock told Alvarez that one of the women in the trailer was his girlfriend; the other, Gutierrez, "he had just invited … in to stay at his trailer."

Later, Alvarez discovered that Gutierrez was not on probation. He and Johnson did not confirm Gutierrez's probation status before searching because their radios were not working in Winton; they were significantly outnumbered at the Chestnut Avenue property because there were clearly people in other trailers; and with the other people around, he and Johnson had safety concerns if they were to get on the phone and call for confirmation.

An information filed on March 18, 2014 charged Ashlock with possession of a firearm by a felon (Pen. Code,[1] § 29800, subd. (a)(1)/count 1); possession of ammunition (§ 30305, subd. (a)(1)/count 2); possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a)/count 3); and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)/count 4). The information also alleged four, one-year prison priors as to each count, pursuant to section 667.5, subdivision (b).

On April 11, 2014, Ashlock filed a motion to suppress evidence pursuant to section 1538.5. The motion asserted that because Gutierrez was not subject to a probation search condition, the warrantless search was unreasonable. The People filed opposition to the motion, contending that Alvarez had a good faith belief Gutierrez was subject to a probation search and a reasonable belief that Gutierrez had access to all areas of the trailer.

A hearing on the suppression motion was held on May 19, 2014. Alvarez testified at the hearing. Ashlock argued that "the fruits of that search be suppressed" because the trailer was searched "based on a statement that later turned out not to be true."

The trial court found that Alvarez acted in good faith based upon Gutierrez's statement that she was a probationer with a search condition. The trial court also found that Alvarez properly searched the entire trailer because "this area seemed to be open." The trial court concluded the search was valid and denied the suppression motion.

After the trial court's ruling, there ensued a discussion regarding the fact that the trial court would not be willing to find unusual circumstances and grant probation; Alvarez was facing more than ten years in prison if convicted; and the People had made an offer to resolve the case. Discussion followed regarding the People's offer and Ashlock's request for "a break."

---

[1] References to code sections are to the Penal Code unless otherwise specified.

At the conclusion of the discussion, Ashlock agreed to accept the People's offer. The matter was then adjourned to allow Ashlock to consult with counsel and "fill out the form." Ashlock agreed to plead no contest to the count 3 offense and admit one prison prior, in exchange for a maximum term of five years imprisonment and dismissal of all other charges and enhancements. Ashlock initialed and signed the Advisement of Rights, Waiver, and Plea Form.

Later in the day on May 19, 2014, the trial court accepted Ashlock's plea after finding that he understood his rights, was giving up those rights, and understood the consequences of his plea. The People moved to dismiss all remaining counts and enhancements; the trial court granted the motion. In consideration of his plea, the People also dismissed another case where Ashlock had been charged with a misdemeanor.

The matter proceeded immediately thereafter to sentencing. In accordance with the plea, the trial court imposed the upper term of four years for the count 3 offense, plus a term of one year, to be served consecutively, for the section 667.5, subdivision (b) enhancement. Ashlock was awarded 103 days of actual and 102 days of conduct credit, for a total of 205 days. Various fines and fees were imposed.

On May 22, 2014, Ashlock filed a notice of appeal which challenged the trial court's denial of the motion to suppress. Appellate counsel was appointed for Ashlock on June 26, 2014.

An application for permission to seek a certificate of probable cause was filed with this court on October 31, 2014. We denied the application on November 7, 2014. On November 21, 2014, an application to expand appellate counsel's appointment to include filing a petition for writ of habeas corpus was filed in this court. This application was denied on December 16, 2014.

A *Wende* brief was filed on December 9, 2014. That same day, this court issued its letter inviting Ashlock to file a supplemental brief. No supplemental brief was filed.

5.

## DISCUSSION

Appellate counsel filed a *Wende* brief raising no issues; Ashlock has not filed a supplemental brief. Ashlock's notice of appeal stated he was challenging the denial of his motion to suppress.

Alvarez conducted a search of the trailer based upon Gutierrez's statement that she was on felony probation, currently staying and sleeping at the trailer, and subject to a search condition. Warrantless searches conducted pursuant to a probation condition are reasonable and do not violate the Fourth Amendment so long as they are not undertaken for harassment or arbitrary or capricious reasons. (*People v. Medina* (2007) 158 Cal.App.4th 1571, 1576-1577.) Here, the reason for the search was neither arbitrary nor capricious and was not for purposes of harassment; it was to locate items used to manufacture fake credit cards.

A probation search may reasonably include those areas over which a probationer had joint control or access. (*People v. Robles* (2000) 23 Cal.4th 789, 798-799.) Alvarez testified that the interior of the trailer was open; there were no separate rooms. Consequently, if Gutierrez was staying and sleeping at the trailer, she had access to all areas of the trailer. Furthermore, people who live with a probationer cannot reasonably expect privacy in an area which a probationer could access. (*People v. Ermi* (2013) 216 Cal.App.4th 277, 281.)

Where official action is pursued in good faith, but there is later found to be a defect in a warrant or other basis for a search, the evidence seized as a result of the search is not excluded. (See e.g., *United States v. Leon* (1984) 468 U.S. 897, 919-920; *People v. Downing* (1995) 33 Cal.App.4th 1641, 1656-1657; *People v. Fields* (1981) 119 Cal.App.3d 386, 390.) Although it was later determined that Gutierrez was not on probation, this does not alter the initial justification for the search and the officers' objectively reasonable belief the search did not violate the Fourth Amendment. (*United States v. Leon*, *supra*, 468 U.S. at pp. 919-920.)

6.

After an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.