Filed 9/28/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION 2

| | |
|---|---|
| In re ERICA R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERICA R.,<br><br>    Defendant and Appellant. | A143215<br><br>(Alameda County<br>Super. Ct. No. SJ14023084) |

## INTRODUCTION

A juvenile defendant admitted to misdemeanor possession of ecstasy after a school counselor found a baggie of pills in the juvenile's purse. As a condition of probation, the juvenile court required defendant to submit to a search of her electronic devices, and to turn over her passwords to her probation officer. We are called on to decide whether this search condition was unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*). We conclude that because there was no evidence connecting the juvenile's electronic device or social media usage to her offense or to a risk of future criminal conduct, it was an unreasonable condition. Accordingly, we will modify the judgment to strike this condition.

## FACTUAL AND PROCEDURAL BACKGROUND

Our brief statement of the facts is taken from the Alameda County Probation Department's dispositional report.

1

On March 27, 2014, defendant Erica R. attended a meeting with her school counselor. The counselor noted that Erica was fidgety and her pupils were dilated, leading the counselor to believe Erica had taken an illegal drug. Erica eventually left the meeting, but left her purse behind. The counselor opened Erica's purse and found a sandwich bag containing 30-45 orange pills. The counselor took one of the pills and put the rest of the pills back in Erica's purse. When Erica returned, the counselor accused Erica of selling drugs on campus. Erica grabbed her purse and left the office. The school counselor called the police. The pill taken by the counselor tested positive for amphetamine.

The district attorney filed a juvenile wardship petition pursuant to Welfare and Institutions Code section 602, subdivision (a), alleging that Erica had possessed ecstasy in violation of Health and Safety Code section 11377, subdivision (a), a felony. The wardship petition was later amended to allege misdemeanor possession of ecstasy, a charge which Erica admitted.

At the disposition hearing, the juvenile court adjudged Erica a ward of the court and placed her under the supervision of the probation office, with various conditions. One of them was this: "You must submit to a test of your blood, breath, or urine to detect the presence of [drugs] in your system and a search of any containers you may have or own, your vehicle, residence, or electronics day or night at the request of a Probation Officer or peace officer[.]" The court stated that "part of that search will include giving your passwords to your [probation officer.]" Erica's counsel objected that the electronic search condition was overbroad, that there had not been any "issue with social media," and that Erica did not have a cell phone. The court was not persuaded: "I found in practice that many juveniles, many minors, who are involved in drugs tend to post information about themselves and drug usage. They post photos of themselves using

drugs and drug paraphernalia.  This is the way of keeping track [of] her drug usage, not just a way of testing her."[1]

## DISCUSSION

Erica challenges the probation condition requiring her to submit her electronic devices to search and to provide her electronic passwords to her probation officer.  She contends that this condition is invalid under *Lent, supra,* 15 Cal.3d 481; that it is unconstitutionally overbroad; and that it creates a risk of illegal eavesdropping under the Invasion of Privacy Act, Penal Code section 630, et seq.  We agree that the condition is invalid under the *Lent* standard and therefore do not reach Erica's constitutional or statutory arguments.  (See *Sanchez v. City of Modesto* (2006) 145 Cal.App.4th 660, 671 ["Principles of judicial restraint . . . require us to avoid deciding a case on constitutional grounds unless absolutely necessary[.]"])

A.      *Whether this Appeal is Moot*

On March 9, 2015, Erica's attorney informed us that the juvenile court had dismissed Erica's case following her successful completion of probation.  Erica's counsel acknowledged that this development rendered the appeal moot, but requested that we nonetheless address the merits of the appeal as this case raises issues of broad public interest that are likely to recur.  Counsel cited a number of appeals from judgments of the same juvenile court that are pending in this District and which challenge an electronic search condition identical to the one at issue here.

Because Erica is no longer subject to the search condition, her challenge is moot.  However, " '[i]f an action involves a matter of continuing public interest and the issue is likely to recur, a court may exercise an inherent discretion to resolve that issue, even though an event occurring during its pendency would normally render the matter moot.'

---

[1] In its disposition report, Alameda County Probation did not recommend a search condition covering electronic devices.  Rather, it recommended the following typical probationary search condition: "Consent to the search of her person, vehicle, property, or place of residence at any time, day or night, with or without a search warrant and with or without probable or reasonable cause, on the direction of the probation officer or a peace officer."

3

[Citation.]" (*In re R.V.* (2009) 171 Cal.App.4th 239, 245.) Here, it appears that the juvenile court has made the challenged search condition a standard condition in drug-related cases. Accordingly, this appeal presents issues that are likely to recur, and we exercise our discretion to reach the merits of Erica's challenge to the electronic search condition.

B.      *Whether the Electronic Search Condition Is Invalid Under* Lent

Welfare and Institutions Code section 730, subdivision (b) empowers the juvenile court to "impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." In *In re Victor L.* (2010) 182 Cal.App.4th 902, we discussed the principles underlying the imposition of probation conditions on minors: " 'The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents' [citation], thereby occupying a 'unique role . . . in caring for the minor's well-being.' [Citation.] . . . [¶] The permissible scope of discretion in formulating terms of juvenile probation is even greater than that allowed for adults. '[E]ven where there is an invasion of protected freedoms "the power of the state to control the conduct of children reaches beyond the scope of its authority over adults." ' [Citation.] This is because juveniles are deemed to be 'more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed.' [Citation.] Thus, ' "a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court." ' [Citations.]" (*Id.* at pp. 909-910.)

We review the juvenile court's probation conditions for abuse of discretion, and such discretion will not be disturbed in the absence of manifest abuse. (*In re P.A.* (2012) 211 Cal.App.4th 23, 33; *In re Walter P.* (2009) 170 Cal.App.4th 95, 100.)

While the juvenile court's discretion is broad, it is not unlimited. Our Supreme Court in *Lent* stated the criteria for assessing the validity of a condition of probation as follows: "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct

4

which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality[.]' " (*Lent*, *supra*, 15 Cal.3d at p. 486.) "Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*Ibid.*) The *Lent* test is conjunctive – all three prongs must be satisfied before we will invalidate a term of probation. (*People v. Olguin* (2008) 45 Cal.4th 375, 379.) Courts have "consistently held that juvenile probation conditions must be judged by the same three-part standard applied to adult probation conditions under *Lent*[.]" (*In re D.G.* (2010) 187 Cal.App.4th 47, 52 (*D.G.*); see also *In re Josh W.* (1997) 55 Cal.App.4th 1, 6.)

The challenged electronic search condition has no relationship to the crime of misdemeanor possession of ecstasy. There is nothing in the original or amended juvenile petitions or the record that connects Erica's use of electronic devices or social media to her possession of any illegal substance. The Attorney General argues that Erica's cell phone and electronic devices "could have been used to negotiate the sales of the illegal substance." The problem with this argument is that there is no evidence suggesting that Erica—who was convicted of misdemeanor possession, not selling any illegal substance—ever used an electronic device in this way.

Obviously, the typical use of electronic devices and of social media is not itself criminal. "Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life[.]' " (*Riley v. California* (2014) ___ U.S. ___ [134 S.Ct. 2473, 2494-2495].) The Attorney General nonetheless argues that a "cell phone can be the instrumentality of a crime." True enough, but the "second part of the *Lent* test is not satisfied merely because a condition precludes conduct that *can* occur in a manner that is illegal. Rather, it is satisfied only by a condition that precludes conduct that is 'itself' criminal." (*D.G.*, *supra*, 187 Cal.App.4th at p. 55.) Under the Attorney General's theory, Erica could have been barred from possessing power tools, opening a checking account, or driving a

vehicle because all could be used as an instrumentality of a crime. (See *ibid.*) We reject such a broad application of the second prong of *Lent* to the facts of this case.

Finally, the record does not support a conclusion that the electronic search condition is reasonably related to future criminal activity by Erica. The juvenile court justified the electronic search condition solely by reference to its experience that "many juveniles, many minors, who are involved in drugs tend to post information about themselves and drug usage." However, "[n]ot every probation condition bearing a remote, attenuated, tangential, or diaphanous connection to future criminal conduct can be considered reasonable." (*People v. Brandao* (2012) 210 Cal.App.4th 568, 574.) There is nothing in this record regarding either the current offense or Erica's social history that connects her use of electronic devices or social media to illegal drugs. In fact, the record is wholly silent about Erica's usage of electronic devices or social media. Accordingly, "[b]ecause there is nothing in [Erica's] past or current offenses or [her] personal history that demonstrates a predisposition" to utilize electronic devices or social media in connection with criminal activity, "there is no reason to believe the current restriction will serve the rehabilitative function of precluding [Erica] from any future criminal acts." (*D.G.*, *supra*, 187 Cal.App.4th at p.53.)

Finally, we note that in her brief and at oral argument, the Attorney General argued that Erica's electronic search condition is valid under *People v. Ramos* (2004) 34 Cal.4th 494 (*Ramos*). The defendant in *Ramos* was on probation for a prior DUI conviction when police conducted a search of his home and truck pursuant to a probation search condition. (*Id.* at pp. 504-505.) The search revealed incriminating evidence – including a body, blood stained clothing, ammunition, and a firearm – tying defendant to multiple murders. Prior to pleading guilty to three counts of murder, Ramos moved to suppress evidence arguing, among other things, that the search condition was overbroad and should not have been imposed. (*Id.* at p. 505.) In upholding the validity of the probation search condition in the context of the motion to suppress, the court found it "reasonably related to the DUI conviction" (*ibid.*) and stated that the " 'level of intrusion is de minimis and the expectation of privacy greatly reduced when the subject of the

6

search is on notice his activities are being routinely and closely monitored.  Moreover, the purpose of the search condition is to deter the commission of crimes and to protect the public, and the effectiveness of the deterrent is enhanced by the potential for random searches.' " (*Id.* at p. 506, quoting *People v. Reyes* (1998) 19 Cal.4th 743, 753.)

The observation in Ramos that a probationer's expectation of privacy is reduced and that a search condition serves to deter the commission of crime could be cited in support of any probation search condition.  However, *Ramos* involved an adult probationer, not a juvenile probationer, such as Erica.  " '[J]uvenile probation is not, as with an adult, an act of leniency in lieu of statutory punishment; it is an ingredient of a final order for the minor's reformation and rehabilitation.' " (*In re Tyrell J.* (1994) 8 Cal.4th 68, 81, overruled on another ground in *In re Jaime P.* (2006) 40 Cal.4th 128.)  A juvenile "cannot refuse probation [citations] and therefore is in no position to refuse a particular condition of probation." (*In re Binh L.* (1992) 5 Cal.App.4th 194, 202 (*Binh*).)  Courts have recognized that a "minor cannot be made subject to an automatic search condition; instead, such condition must be tailored to fit the circumstances of the case and the minor." (See *People v. Rios* (2011) 193 Cal.App.4th 584, 597; see also *Binh*, *supra*, 5 Cal.App.4th at p. 203.)  For the reasons discussed above, Erica's electronic search condition is not properly tailored to her circumstances under *Lent* and is therefore invalid.[2]

Our holding is narrow.  Of course, there can be cases where, based on a defendant's history and circumstances, an electronic search condition bears a reasonable connection to the risk of future criminality.  For example, in *People v. Ebertowski* (2014) 228 Cal.App.4th 1170, a defendant was convicted of making criminal threats to a police officer.  The threats included references to his status as a gang member, and at sentencing the prosecution introduced copies of posts defendant made on his social media account promoting his gang.  As a condition of defendant's probation, the trial court required

---

[2] Erica did not challenge the validity of the search condition to the extent it requires her to submit to drug tests or to submit her person and any vehicle, room and property to search by a probation or peace officer.

defendant to submit his electronic devices, along with electronic and social media passwords, to his probation officer for search at any time. (*Id.* at p. 1173.) On appeal, the court upheld this condition. After noting that defendant's underlying offense was gang related, the court stated that defendant's "association with his gang was also necessarily related to his future criminality. His association with his gang gave him the bravado to threaten and resist armed police officers." (*Id.* at pp. 1176-1177.) Thus, in *Ebertowski*, the record tied the use of social media to the facts of the underlying offense, making the connection between social media and future criminality reasonable. The record in this case, by contrast, contains no such connection for the reasons stated above.

The requirement that Erica submit her electronic devices for search and provide her probation officer with her electronic passwords is invalid under *Lent* and the juvenile court abused its discretion in imposing it in this case.

## DISPOSITION

The disposition is modified to strike the probation condition requiring Erica to submit "any electronic[s] with passwords under your control" to search. In all other respects the disposition is affirmed.

8

_____
Miller, J.

We concur:


_____
Kline, P. J.


_____
Stewart, J.

Trial Court:  Superior Court of Alameda County


Trial Judge:  Hon. Leopoldo Dorado


| Attorney for Defendant and Appellant | Johathan Soglin |
|---|---|
| | L. Richard Braucher |
| | By Appointment of the Court of Appeal |
| | Under the First District Appellate Project |
| | Case Management System |

| Attorneys for Plaintiff and Respondent | Kamala D. Harris |
|---|---|
| | Attorney General |
| | Gerald A. Engler |
| | Chief Assistant Attorney General |
| | Jeffrey M. Laurence |
| | Acting Senior Assistant Attorney General |
| | Donna M. Provenzano |
| | Supervising Deputy Attorney General |
| | Ronald E. Niver |
| | Deputy Attorney General |