Filed 8/4/16  In re J.W. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re J.W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>J.W.,<br><br>        Defendant and Appellant. | A146017<br><br>(Contra Costa County<br>Super. Ct. No. J1500777) |

J.W. appeals from juvenile court orders declaring him a ward of the court and placing him on probation.  He contends he received ineffective assistance of counsel due to his attorney's failure to object to a condition of probation requiring him to submit to warrantless searches of any cell phones or other electronic devices in his possession.  He argues that the electronics search condition is invalid because it addresses noncriminal conduct that is not reasonably related to his offense or future criminality, and that the condition is unconstitutionally vague and overbroad.  We conclude the condition must be modified.

**STATEMENT OF THE CASE**

On July 10, 2015, the Contra Costa County District Attorney filed a wardship petition (Welf. & Inst. Code, § 602) alleging that appellant, then 16 years old, committed one count of first degree residential burglary (Pen. Code, § 459, 460, subd. (a)) and one

1

count of possession of ammunition by a minor (Pen. Code, § 29650). At a pretrial conference on July 22, the petition was amended to add a third count, felony possession of stolen property valued at more than $950 (Pen. Code, § 496, subd. (a)). Appellant entered a plea of no contest to the newly added count 3 and the other two counts were dismissed. At disposition on August 13, the court imposed a wardship with no termination date, found that appellant's welfare required removing him from parental custody and ordered placement in a court-approved home or institution. Among the conditions of probation imposed, appellant was required to "submit his person, property, any vehicle under his control, any cell phone or any other electronic device in his possession, including access codes, and his residence to search and seizure by any peace officer at any time of the day or night with or without a warrant." [1]

Appellant filed a timely notice of appeal on August 14, 2015.

## STATEMENT OF FACTS

As described in the probation report, at 10:19 p.m. on July 8, 2015, a police officer was dispatched to "1 Lancaster Circle #27" in Bay Point to investigate a reported residential burglary. The victim, Penny Arguello, stated that she had left her apartment about 6:00 p.m. and, as she was leaving, noticed appellant and K.M. loitering in the area. Appellant and K.M. both lived in the apartment complex; Arguello had known both for several years and appellant had been inside her home several times. When Arguello returned home about 10:00 p.m., she realized she had left the front door unlocked. She noticed items missing from her bedroom and living room: A television, an Xbox, two electronic tablets, a pair of men's shoes, and an extra set of car keys.

At appellant's residence, his mother allowed the officer to speak with appellant, who appeared very defensive and said he had nothing to do with the burglary. Appellant

---

[1] The search condition preprinted on the court's minute order does not refer to electronics; it states, "Submit person, property, any vehicle under minor's control, and residence to search and seizure by any peace officer any time of the day or night with or without a warrant." Next to the preprinted search condition, a hand-written addition states, "(access codes, cell phones, electronic devices)."

2

consented to the officer searching his bedroom, saying, "There's nothing in there, go ahead." The officer found a television, an Xbox, a pair of men's shoes and a Glock .40 caliber magazine loaded with 10 rounds of ammunition. The items matched the description of those stolen from the victim's home.

Appellant was arrested and, after being given *Miranda* warnings, said he entered the victim's home through the unlocked door, by himself and without permission, took the items, and hid them in his closet. Asked where the two electronic tablets were, appellant became upset and said what he had taken was in the closet. His mother insisted that he tell the officer where the tablets were and he showed the officer where they were hidden under a tree in the complex. When later interviewed by the probation officer, appellant said he had not entered the victim's apartment or taken her things. He said that after his neighbor left her apartment, the friend he was with, whose name appellant did not know, checked her door and then asked to borrow appellant's backpack; appellant went home, and a little while later the friend came over and gave him the backpack, which appellant hid in the closet.

Arguello told the probation officer she was shocked to learn appellant had participated in the burglary, as he had been to her home many times, playing with her children and sharing meals with the family. She wanted appellant to know she was not angry with him and wanted him to get the help he needed so he would not commit another offense.

Appellant was in 11th grade, had completed 60.50 of the 127 credits he had attempted, and needed 159.5 credits to graduate; he was failing all his classes except one in which he had a D. He had six unexcused absences from school and had been suspended for fighting in May 2015. Appellant said he had tried marijuana only once, about a month before the offense, and denied experimenting with or using alcohol or other illegal substances. He lived with his mother and admitted he came and went as he pleased and did not follow his curfew, saying he was bored at home and preferred to spend his time with friends in the apartment complex.

Appellant's mother reported that he had always struggled in school because of Attention Deficit Hyperactivity Disorder (ADHD), and that he had stopped taking his prescribed medication. She believed he was easily influenced by peers and sometimes bullied. The probation officer reported that the mother enabled appellant's poor behavior by making excuses for it, and that she had not intervened with his school to initiate evaluation for an Individualized Educational Plan or other accommodation plan.

At juvenile hall, appellant was having a hard time getting along with peers, instigated verbal conflicts with peers, and had been sanctioned for talking during quiet times, peer conflicts, having contraband in his room, " 'terrible' behavior," covering his window, and "buzzer abuse." On one occasion, he was removed from school for not following a teacher's directions.

The probation department believed appellant needed "far more" structure and supervision than he was getting at home, as well as to be held accountable for his offense. He was screened for a ranch program but found unacceptable because he was pre-diabetic and the program was not equipped to handle this medical condition, and because he had said he would run away from placement. The probation officer initially reported that appellant was found acceptable for a nine-month program at the Orin Allen Youth Rehabilitation Facility (OAYRF) but, before he could begin, a 30-day assessment at juvenile hall was required due to the medication he took for pre-diabetes. It was subsequently reported that OAYRF was unable to accommodate appellant's medical needs and the probation department recommended out of home placement in a court approved home or institution.

**DISCUSSION**

Conditions of probation are reviewed for abuse of discretion. (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).) "Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.]' ([*People v.*] *Lent* [(1975)] 15 Cal.3d [481,] 486.) This test is conjunctive—all three prongs must

4

be satisfied before a reviewing court will invalidate a probation term. (*Id.* at p. 486, fn. 1; see also *People v. Balestra* (1999) 76 Cal.App.4th 57, 68–69 (*Balestra*).) As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality. (See [*People v.*] *Carbajal* [(1995)] 10 Cal.4th [1114,] 1121.)" (*Olguin*, at pp. 379-380.)

"The permissible scope of discretion in formulating terms of juvenile probation is even greater than that allowed for adults." (*In re Victor L.* (2010) 182 Cal.App.4th 902, 910 (*Victor L.*).) " 'The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents' (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941), thereby occupying a 'unique role . . . in caring for the minor's well-being.' (*In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1500.) In keeping with this role, section 730, subdivision (b), provides that the court may impose 'any and all reasonable [probation] conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' " (*Victor L.*, at pp. 909-910.) " '[E]ven where there is an invasion of protected freedoms "the power of the state to control the conduct of children reaches beyond the scope of its authority over adults . . . ." ' (*Ginsberg v. New York* (1968) 390 U.S. 629, 638.) This is because juveniles are deemed to be 'more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed.' ([*Antonio R.*,] at p. 941.) Thus, ' " 'a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court. ' " ' (*In re Sheena K.* [(2007)] 40 Cal.4th 875, 889 (*Sheena K.*); see also *In re R.V.* (2009) 171 Cal.App.4th 239, 247; *In re Frank V.* (1991) 233 Cal.App.3d 1232, 1242-1243 [rule derives from court's role as *parens patriae*].)" (*Victor L.,* at p. 910.)

Appellant did not object to the electronic search condition in the juvenile court, but now argues it is both unreasonable under the three-prong *Lent* test described above and unconstitutionally vague and overbroad. Failure to object to the reasonableness of a

5

probation condition results in forfeiture of the claim. (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 585.) Failure to object on the constitutional grounds of vagueness and overbreadth may be raised for the first time on appeal if they present " ' "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court[,]" ' " but will forfeit the issues where this is not the case. (*In re Sheena K., supra*, 40 Cal.4th at p. 889, quoting *In re Justin S.* (2001) 93 Cal.App.4th 811, 815, fn. 2.) Consequently, on this appeal appellant frames his challenges as a claim of ineffective assistance of counsel, urging that his attorney failed to raise a standard objection that, if made, would have led to a different outcome.[2]

Despite the general rules just stated, "an appellate court may review a forfeited claim—and '[w]hether or not it should do so is entrusted to its discretion.' " (*Sheena K., supra,* 40 Cal.4th at p. 887, fn. 7, quoting *People v. Williams* (1998) 17 Cal.4th 148, 162, fn. 6.) Because of the immense amount of personal information that can be stored on electronic devices, and even greater amounts to be found on Internet sites the devices can access, electronic search conditions carry obvious implications for constitutionally protected privacy interests. (See generally *Riley v. California* (2014) ___ U.S. ___ [134 S.Ct. 2473, 2494–2495].) Such conditions are being imposed upon juvenile offenders frequently, the decided cases have reached conflicting conclusions about their reasonableness, and the issue is currently pending supreme court review. Because of the

---

[2] Appellant asserts that objecting to an electronics search condition in a case like his "is a standard practice." In support of this assertion, he points to six cases in which objections to electronics searches were made, several of which are currently pending review before the California Supreme Court. (*In re Erica R.* (2015) 240 Cal.App.4th 907, 910 (*Erica R.*); *In re J.B.* (2015) 242 Cal.App.4th 749, 752 (*J.B.*); *In re Malik J.* (2015) 240 Cal.App.4th 896, 900 (*Malik J.*); *In re Ricardo P.* (2015) 241 Cal.App.4th 676, 681, review granted Feb. 17, 2016, S230923 (*Ricardo P.*); *In re Patrick F.* (2015) 242 Cal.App.4th 104, 108, review granted Feb. 17, 2016, S231428 (*Patrick F.*); *In re Alejandro R.* (2015) 243 Cal.App.4th 556, 561, review granted March 9, 2016, S233340 (*Alejandro R.*).) As appellant recognizes, all of these cases were decided *after* his dispositional hearing. But these cases demonstrate that objections to electronic search conditions were being raised on a regular basis.

significant privacy interests at stake, we find it appropriate to exercise our discretion to consider appellant's claims.

As we have said, the condition requires appellant to submit to warrantless searches of "any cell phone or any other electronic device in his possession, including access codes." Appellant argues that the condition is ambiguous as to whether he must provide only the passwords necessary to unlock electronic devices found in his possession or also passwords to social media and other accounts that can be accessed through the electronic devices. His argument that the condition is invalid under the *Lent* test assumes the broader interpretation. Respondent, seeking to provide clarity, proposes that the condition be modified to read: " 'Submit all electronic devices under your control to a search of any text messages, voicemail messages, call logs, photographs, email accounts and social media accounts, with or without a search warrant, at any time of the day or night, and provide the probation officer or peace officer with any passwords necessary to access the information specified.' " [3]

It is not apparent that respondent's proposed modification is the only reasonable interpretation of the court's order. Unlike other cases we will discuss, in which the juvenile court imposed an electronics condition in similar terms but expressly stated that probation and law enforcement officers were to have access to both the actual devices in minors' possession and social media accounts (*In re P.O.* (2016) 246 Cal.App.4th 288, 293; *J.B., supra,* 242 Cal.App.4th at pp. 752-753*; Malik J.*, *supra*, 240 Cal.App.4th at p. 900; *Erica R., supra,* 240 Cal.App.4th at p. 910), the record in this case reflects nothing more than the literal terms of the condition. Because appellant's argument is based on the broader reading of the condition and respondent urges this as the proper interpretation, we accept it for purposes of our analysis.

In *Erica R., supra,* 240 Cal.App.4th at page 910, we considered a probation condition requiring a juvenile who had admitted misdemeanor possession of ecstasy to

---

[3] Although respondent proposes this modification "to avoid any overbreadth concerns," it actually addresses vagueness rather than breadth.

7

submit to search of her "electronics" and provide her passwords to her probation officer. The offense did not involve use of any electronic device, and the minor's attorney represented that the minor did not have a cell phone. (*Ibid*.) The juvenile court believed the condition was reasonably related to future criminality because it provided a way to keep track of the minor's drug usage, explaining that in its experience, "many juveniles, many minors who are involved in drugs tend to post information about themselves and drug usage." (*Id.* at pp. 910, 913.) After finding the first two *Lent* factors met because the condition had no relationship to the minor's offense and typical use of electronic devices and social media is not criminal, we rejected the juvenile court's justification: " '[B]ecause there is nothing in [Erica's] past or current offenses or [her] personal history that demonstrates a predisposition' to utilize electronic devices or social media in connection with criminal activity, 'there is no reason to believe the current restriction will serve the rehabilitative function of precluding [Erica] from any future criminal acts.' " (*Id.* at pp. 912-913, quoting *In re D.G.* (2010) 187 Cal.App.4th 47, 53.)

We contrasted the situation in *Erica R.* with *People v. Ebertowski* (2014) 228 Cal.App.4th 1170, in which the adult defendant was convicted of making criminal threats to a police officer. There, the condition requiring the defendant to submit his electronic devices to search, with passwords to the devices and social media accounts, was reasonably related to the risk of future criminality because the threats had included references to the defendant's gang membership, he had promoted his gang through his social media account, and his gang membership was related to future criminality in that his " 'association with his gang gave him the bravado to threaten and resist armed police officers.' " (*Erica R., supra,* 240 Cal.App.4th at pp. 914-915, quoting *Ebertowski,* at pp. 1173, 1176-1177.)

Division Three of this court reached the same result as *Erica R.* in the case of a minor who admitted committing a petty theft. (*J.B., supra,* 242 Cal.App.4th 749.) The electronic search was imposed by the same juvenile court judge as in *Erica R.,* for the same reason. (*J.B.*, at p. 752.) The *J.B.* court found there was "no showing of any connection between the minor's use of electronic devices and his past or potential future

8

criminal activity" and therefore no reason to believe the condition would serve the purpose of preventing the minor from committing future criminal acts. (*Id.* at pp. 756-757.)

*J.B.* disagreed with the reasoning of two of the cases currently pending Supreme Court review, both of which also involved electronics search conditions imposed by the same juvenile court judge as a means to supervise minors for whom there was some indication of illegal drug use in the record. (*J.B., supra,* 242 Cal.App.4th at p. 757, discussing *Ricardo P.*, *supra,* 241 Cal.App.4th 676, and *Patrick F., supra,* 242 Cal.App.4th 104.) Those cases were based on *Olguin*, *supra,* 45 Cal.4th at pages 380-381, which upheld a condition of probation that had no relationship to the defendant's offense but would "enable[] a probation officer to supervise his or her charges effectively." The condition in *Olguin* required the adult defendant to keep his probation officer informed of the presence of pets at his residence. The court explained that this requirement would facilitate unannounced visits to and searches of a probationer's residence, which are part of "proper supervision" of a probationer, by enabling the probation officer to take precautions against possible threats posed by an animal, as well as avoid having a pet create an opportunity for destruction of evidence of unlawful activity by alerting the probationer to the officer's approach. (*Id.* at p. 382.) " 'By allowing close supervision of probationers, probation search conditions serve to promote rehabilitation and reduce recidivism while helping to protect the community from potential harm by probationers.' (*People v. Robles* (2000) 23 Cal.4th 789, 795.) A condition of probation that enables a probation officer to supervise his or her charges effectively is, therefore, 'reasonably related to future criminality.' " (*Olguin,* at pp. 380-381.)

*J.B.* questioned whether *Olguin* "justifies a probation condition that facilitates general supervision of a ward's activities if the condition requires or forbids noncriminal conduct bearing no relation to the minor's offense that is not reasonably related to potential future criminality as demonstrated by the minor's history and prior misconduct. In our view, such a broad condition cannot be squared with the limitations imposed by

9

*Lent, supra,* 15 Cal.3d at page 486, and in some cases may exceed constitutional limitations. (See [*Sheena K., supra,*] 40 Cal.4th [at p.] 890.)" (*J.B., supra,* 242 Cal.App.4th at p. 757.) We agree. Unlike an adult probationer, a juvenile " ' "cannot refuse probation [citations] and therefore is in no position to refuse a particular condition of probation." [Citation.] Courts have recognized that a "minor cannot be made subject to an automatic search condition; instead, such condition must be tailored to fit the circumstances of the case and the minor." ' " (*J.B.*, at p. 756, quoting *Erica R., supra,* 240 Cal.App.4th at p. 914.)

Additionally, the *Olguin* court made a point of explaining that the particular condition at issue—requiring a probationer to keep the probation officer informed of the presence of pets—was both a reasonable means of facilitating the general search condition and reasonable in that it did not impose an undue burden on the probationer. (*Olguin, supra,* 45 Cal.4th at p. 382.) We do not read *Olguin* as holding that *every* condition that could enable a probation officer to supervise a minor more effectively is necessarily "reasonably related to future criminality." (*Olguin,* at p. 381.) An electronic search condition that requires a minor to provide access to the wide range of data potentially stored on electronic devices and accessible on password-protected Internet sites authorizes a tremendous intrusion into the minor's privacy, imposing a burden vastly different in nature and extent from what was at issue in *Olguin.* Unlike the condition in *Olguin*, which only facilitated a residence search condition the defendant did not challenge, the condition here adds significantly to the scope of the areas subject to warrantless search. Respondent's suggestion that the search of a cell phone or other electronic device is "no different than a search of appellant's residence or other property in that it might reveal personal information" ignores the reality of the technology at issue. As the court observed in *Riley, supra,* 134 S.Ct. at page 2491, "a cell phone search would typically expose to the government far *more* than the most exhaustive search of a house: A phone not only contains in digital form many sensitive records previously found in the home; it also contains a broad array of private information never found in a home in any form—unless the phone is." As with adult probationers, a search condition diminishes

10

but does not altogether foreclose a juvenile probationer's reasonable expectation of privacy. (*In re Jaime P.* (2006) 40 Cal.4th 128, 136.)

As we recognized in *Erica R., supra,* 240 Cal.App.4th at page 914, "[o]f course, there can be cases where, based on a defendant's history and circumstances, an electronic search condition bears a reasonable connection to the risk of future criminality." *People v. Ebertowski, supra,* 228 Cal.App.4th 1170, described above, is one such case, as the defendant's use of his social media account directly related to his criminal offense. *Malik J.*, by contrast, found it necessary to tailor an electronic search condition which, as imposed by the juvenile court, required the minor to provide passwords to any device in his custody and control, as well as to social media sites. (*Erica R*., at p. 900.) The minor's offenses were robberies, one of which involved an iPhone, and Division Three of this court found it reasonable to require the minor to provide passwords for electronic devices in his custody and control as a means for officers to determine the ownership of such devices. (*Id.* at p. 903.) The court was concerned, however, with limiting the search to information actually within the minor's custody and control—which social media sites were not. (*Ibid.*) "Officers must be able to determine ownership of any devices in a probationer's custody or within his or her control, and search them if they belong to the probationer or if officers have a good faith belief that he or she is a permissive user. But in performing such searches, officers must show due regard for information that may be beyond a probationer's custody or control or implicate the privacy rights of the probationer or third parties. Officers should not be allowed to conduct a forensic examination of the device utilizing specialized equipment that would allow them to retrieve deleted information that is not readily accessible to users of the device without such equipment. They should also first disable the device from any Internet or cellular connection. These measures will limit a search to information that is stored on the device and accessible to the probationer, and thus in the probationer's possession and subject to his or her control." (*Id.* at pp. 903-904.) The court noted that there was no indication the minor had used email, texting or social media to facilitate his offenses and expressed no

opinion as to whether the broad electronics condition would have been valid if he had. (*Id.* at p. 904, fn. 2.)

In the present case, as in *Malik J.*, the offense involved theft of electronic devices but there was no indication appellant used any form of electronic communication in connection with commission of the offense. The record contains no information as to whether appellant owns or uses a cell phone or other electronic devices, or has social media accounts. There was no discussion in the juvenile court about the reasons for the electronic search condition, which the probation department recommended and the court imposed as an integral part of the general search condition.

Restricted to its literal terms—meaning electronic devices in appellant's possession and the access codes necessary to unlock them—we find the electronic search condition reasonable as a way for officers to ascertain that any such devices in appellant's possession are not stolen. (*Malik J., supra,* 240 Cal.App.4th at p. 903.) Nothing in the record, however, supports an electronic search condition that includes access to social media or other password-protected Internet sites. Appellant was certainly in need of supervision: His school performance and attendance were poor, the court remarked upon his inability to follow rules both in his mother's home and in juvenile hall, and the court ordered out of home placement because he "needs assistance his mother cannot provide." But there is no indication in the record that monitoring social media is a necessary or appropriate means of supervising appellant. Unlike the situation in *People v. Ebertowski*, *supra*, 228 Cal.App.4th 1170, here, the only basis for monitoring appellant's social media or other online activity would be the speculative assumption that because most minors actively use electronic devices and the Internet to communicate with peers and document their activities, appellant must also do so. It seems clear the condition was imposed automatically, not because of any determination that it was related to future criminality in appellant's particular case. (*Erica R., supra,* 240 Cal.App.4th at p. 913.)

"In an appropriate case, a probation condition that is not sufficiently precise or narrowly drawn may be modified in the appellate court and affirmed as modified. (See, e.g., *Sheena K., supra*, 40 Cal.4th at p. 892; *People v. Lopez* (1998) 66 Cal.App.4th 615,

12

629.)" (*Malik J.*, *supra*, 240 Cal.App.4th at p. 901.)  Here, the condition must be modified to clarify that it does not exceed its literal terms:  Appellant must submit to search of any electronic devices in his possession, and provide the codes necessary to unlock these devices.  (See *Malik J.*, at p. 903.)

## DISPOSITION

The electronics search condition is ordered modified to require that appellant submit "any cell phone or any other electronic device in his possession, including the access codes necessary to unlock the devices, . . . to search and seizure by any peace officer at any time of the day or night with or without a warrant."  As so modified, the orders are affirmed.

 

                _____

                Kline, P.J.

We concur:


_____

Richman, J.


_____

Stewart, J.

*In re J.W.* (A146017)

14