Filed 9/18/20  P. v. Martinez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LISBETH MARTINEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B302104<br>(Super. Ct. No. 2019024632)<br>(Ventura County) |

Lisbeth Martinez appeals a judgment claiming a probation condition the trial court imposed is invalid.  She pled guilty to possession for sale of a controlled substance.  (Health & Saf. Code, § 11378.)  Her probation condition required her to consent to a search without a warrant for any cell phone she has.  We conclude, among other things, that this probation condition as applied to the facts in this case is invalid.  We strike this probation condition and otherwise affirm.

*FACTS*

On July 28, 2014, police officers responded to a report about people loitering in an alley.  Martinez was present.  In

response to a question by a police officer, she said she had a methamphetamine pipe on a blanket where she was sitting.

In a search of a backpack, police found plastic baggies of methamphetamine. Martinez told police that she sleeps on the streets and is unemployed. She sold some baggies of drugs for $10 each. She did that "in order to afford a motel room." Police arrested her. There was no evidence that Martinez had ever used a cell phone in connection with any crime or that she had ever possessed a cell phone.

The probation department said Martinez is "a 26-year-old female . . . without a significant criminal history." She "appears to be willing to comply with the terms of probation." She had been living on the streets because "she did not want to live with her parents and their rules." Martinez said she will "move back in with her parents so she will not have to stay on the streets." The probation officer said Martinez's "ORAS [Ohio Risk Assessment System] screening" score was "18," "indicating a low/moderate risk to reoffend in the community." The risk factor of reoffending based on the designated factor of her criminal history was a score of "1," which is a "low" risk level. In recommending probation, the probation officer said, "Hopefully, [Martinez] will take this opportunity to turn her life around and find more productive activities to better herself."

After pleading guilty to possession for sale of a controlled substance, the court suspended imposition of a sentence and placed her on 36 months of formal probation. Probation condition No. 30 provided, "You hereby consent to search of any cellular telephone under your control, by a probation officer or peace officer, at any time, with or without a search warrant, warrant of arrest, or reasonable cause. You must provide the pass code to

the probation officer or peace officer at any time, when asked to do so." The trial court overruled Martinez's objection to this condition.

## DISCUSSION

### Forfeiture

Martinez contends her probation search condition involving cell phones is invalid and unconstitutional.

The People claim these issues were forfeited because Martinez's trial counsel did not properly raise them in the trial court. We disagree.

Martinez's counsel specifically asked the trial court to strike this condition. Counsel argued: 1) the condition was "overbroad"; 2) it was in conflict with *In re Ricardo P.* (2019) 7 Cal.5th 1113, where our Supreme Court set standards for cell phone searches; and 3) there was no factual or evidentiary support for such a condition because Martinez never used a cell phone to commit any crime. Counsel's objections properly gave the trial court notice of the basis for the objections to the search condition.

### Validity of the Probation Condition

Martinez contends that because there is no evidence that she had ever used a cell phone to commit any crime, this cell phone search condition is invalid. We agree.

"Warrantless searches are justified in the probation context because they aid in deterring further offenses by the probationer and in monitoring compliance with the terms of probation." (*People v. Robles* (2000) 23 Cal.4th 789, 795.) "[P]robation search conditions serve to promote rehabilitation." (*Ibid.*)

But " '[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations

3

to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad.' " (*People v. Olguin* (2008) 45 Cal.4th 375, 384.)

Searches of cell phones "implicate privacy concerns far beyond those implicated by the search" of other items. (*Riley v. California* (2014) 573 U.S. 373, 393 [189 L.Ed.2d 430, 446].) The cell phone may contain a "digital record of nearly every aspect" of the owner's life "from the mundane to the intimate." (*Id.* at p. 395.) Consequently, "the Supreme Court has recently granted heightened protection to cell phone data." (*United States v. Wanjiku* (7th Cir. 2019) 919 F.3d 472, 484.) Courts have therefore drawn sharp distinctions between traditional probation conditions that allow warrantless searches of the probationer's property, and searches that involve cell phones and stored electronic data. (*In re I.V.* (2017) 11 Cal.App.5th 249, 262.)

Probation conditions authorizing warrantless searches of cell phones must be supported by an adequate factual showing in the record. (*In re Alonzo M.* (2019) 40 Cal.App.5th 156, 166.)

In *In re Ricardo P.*, *supra*, 7 Cal.5th 1113, our Supreme Court held an electronic device probation search condition for a juvenile was invalid. It ruled such a condition authorizing warrantless searches of passwords and cell devices invaded a significant privacy interest and there was no evidence in that case to support such an intrusion. The court looked to the juvenile's prior history to determine the basis for the justification for the condition. It concluded, "[N]othing in the record suggests that Ricardo *has ever used an electronic device or social media in connection with criminal conduct*." (*Id.* at p. 1122, italics added.)

That is also the case here. Nothing in this record "suggests that [Martinez] has ever used an electronic device or social media

in connection with criminal conduct." (*In re Ricardo P., supra*, 7 Cal.5th at p. 1122; see also *In re David C.* (2020) 47 Cal.App.5th 657, 663 [court found electronic search condition invalid, noting "[n]othing in the record suggests minor's crimes involved any use of electronics"].) As Martinez notes, she was homeless. She states, "There was no telephone recovered during the search nor any evidence that she had ever used a phone for illegal drug sales, or even possessed a phone."

Martinez also points out that the trial court's justification was that the cell phone "could be searched for illegal activity, including but not limited to, the possession, sale, and transportation of illegal drugs, including methamphetamines." But this is analogous to the very general and hypothetical justifications advanced to support the electronic search conditions that the courts rejected in *In re Ricardo P.* and in *In re David C.*

The trial court said that "[c]ell phone prohibitions . . . are reasonably related to drug sales." Certainly cell phones *could be* used for drug offenses. But they also could be used in almost every other category of crime. As stated in *United States v. Lara* (9th Cir. 2016) 815 F.3d 605, 612, "We recognize that Officer Ortiz searched Lara's cell phone knowing that he had been convicted of a drug crime and knowing that drug traffickers often use cell phones to arrange sales. *Given the ubiquity of cell phones, almost any crime* involving more than a single person (and indeed many crimes involving just one person) *would entail the use of cell phones*, which can be used not only for placing calls and sending text messages, but also for sending emails, looking up directions, and conducting Internet searches on various topics. *This ubiquity cuts against the government's purported heightened interest in conducting suspicionless searches of the cell phones of*

5

*probationers with controlled substances convictions.*"  (Italics added.)

Consequently, hypothetical assumptions about cell phone use cannot be the sole basis for imposing such a search condition. (*In re Ricardo P.*, *supra*, 7 Cal.5th at pp. 1121-1122.)  There must be "an *actual connection apparent in the evidence*, not one that is just abstract or hypothetical."  (*In re Alonzo M.*, *supra*, 40 Cal.App.5th at p. 166, italics added.)

In *In re Erica R.* (2015) 240 Cal.App.4th 907, the juvenile defendant admitted possession of Ecstasy and the court imposed a probation search condition involving her electronic devices.  The Court of Appeal struck the condition.  It said, "There is nothing in this record regarding either the current offense or Erica's social history that *connects her use of electronic devices or social media to illegal drugs. In fact, the record is wholly silent about Erica's usage of electronic devices or social media. Accordingly, '[b]ecause there is nothing in [Erica's] past or current offenses or [her] personal history that demonstrates a predisposition' to utilize electronic devices or social media in connection with criminal activity, 'there is no reason to believe the current restriction will serve the rehabilitative function of precluding [Erica] from any future criminal acts.'"* (*Id.* at p. 913, italics added.)

The trial court's reasoning could lead to a requirement that in *all drug conviction cases* probation condition No. 30 is mandatory because *some* defendants use cell phones to commit drug crimes.  But this position excludes consideration of the individual facts of each case and it lumps all convicted defendants for this crime into one category.  The court's justification that searches of cell phones could be used to detect future crimes could also justify requiring all probationers to be

6

subject to cell phone searches. That may elevate law enforcement efficiency, but it would do so at the expense of a constitutional right.

The People note that the trial court allowed Martinez to obtain a cell phone and they claim the condition is necessary to prevent "future criminality." (*People v. Lent* (1975) 15 Cal.3d 481, 486.). They claim that, apart from the absence of a history of using cell phones, there may be other factors that could justify such a search condition for a probationer. That may be possible in certain cases given a sufficient factual showing. But first the trial court would have to carefully weigh the privacy interest with those facts to find a sufficient factual justification to impose the condition. (*In re Ricardo P.*, *supra*, 7 Cal.5th at p. 1121 ["*Lent's* third prong requires more than just an abstract or hypothetical relationship between the probation condition and preventing future criminality"].) Here the trial court did not engage in such a weighing process, it did not consider the privacy interest or make specific case related factual findings to support the condition. Consequently, the privacy interest must prevail.

*DISPOSITION*

The judgment is modified to strike probation condition No. 30. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:



PERREN, J.          TANGEMAN, J.

7

Bruce A. Young, Judge

Superior Court County of Ventura

_____

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. and David F. Glassman, Deputy Attorneys General, for Plaintiff and Respondent.