Filed 12/3/20  In re C.A. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re C.A., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. C.A., Defendant and Appellant. | E074761 (Super.Ct.No. RIJ1900528) OPINION |

APPEAL from the Superior Court of Riverside County.  Samah Shouka, Judge.

Affirmed as modified.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and

Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Anthony Da

Silva, Deputy Attorneys General, for Plaintiff and Respondent.

1

# FACTUAL AND PROCEDURAL HISTORY

## A. PROCEDURAL HISTORY

On December 11, 2019, a petition under Welfare and Institutions Code section 602 charged defendant and appellant C.A. (minor) with unlawful taking of a vehicle under Vehicle Code section 10851, subdivision (a) (count 1), and receiving stolen property under Penal Code section 496d, subdivision (a) (count 2).

On January 21, 2020, pursuant to a plea agreement, minor admitted count 1 and the juvenile court dismissed count 2.

On January 27, 2020, a detention hearing report filed by the probation department noted that minor had three prior juvenile dispositions in Orange County. First, minor admitted to unauthorized possession of a controlled substance under Health and Safety Code section 11377, subdivision (a), and possession of an instrument for injecting or smoking controlled substances under Health and Safety Code section 11364. Second, minor admitted to unauthorized possession of a controlled substance under Health and Safety Code section 11377, subdivision (a), and false representation to a peace officer under Penal Code section 148.9, subdivision (a). Third, minor had a delinquency petition sustained for shoplifting under Penal Code section 459.5, subdivision (a). The matter was transferred for disposition to Riverside County, minor's county of residence.

On February 11, 2020, at a contested disposition hearing, the juvenile court ordered minor committed to the Youth Treatment and Education Center for a period not to exceed minor's maximum time of confinement of seven years four months. The court

2

also ordered various terms and conditions of probation, including an electronic devices search condition.

On February 18, 2020, minor timely filed her notice of appeal.

For reasons set forth *post*, we will modify the dispositional order to strike the electronics search probation condition imposed by the juvenile court. (See, *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*)).

B.      <u>FACTUAL HISTORY</u>

The factual basis of minor's admission is as follows: "On 11/18/19 in Orange County, CA, I did unlawfully drive and take a 2015 BMW not my own, without the consent of the owner & with intent to temporarily & permanently deprive the owner of his/her title to & possession of the vehicle."

**DISCUSSION**

The electronic search condition imposed by the juvenile court states as follows: "That the minor be subject to search and seizure of all personal electronic devices for electronic communication information pursuant to California Penal Code (PC) §§1546, 1546.1, 1546.2, and 1546.4; and must submit to search of all computers, hard drives, flash drives, thumb drives, disks, removable media, computer networks, electronic data storage devices, personal digital assistants, cellular telephones, smart phones, iPads, Notebooks, Chromebooks, and any other electronic devices and the like and their progeny ('Computers and Electronic Devices') under the custody or control of the minor to which he/she has sole, shared, partial, or limited access as an 'Authorized Possessor,' without a search warrant, at any time of the day or night by the probation officer and/or

3

any law enforcement officer.  These search terms are to include a waiver of any password or encryption protection.  The minor must provide all passwords, logins, access codes or other information necessary to access any such Computers and Electronic Devices and to access all social media accounts the minor may have (such as Facebook, My Space, MocoSpace, Instagram, Snapchat, etc.) and their progeny, when requested by the probation officer and/or any law enforcement officer.  The minor shall not possess or utilize any program or application on any Computer or Electronic Device that automatically or through a remote command deletes or scrubs data from that Electronic Device.  If an Electronic Device(s) is/are seized as evidence, the minor may not contact their service provider to remove, alter or destroy data from the Electronic Device.  By accepting this search term, both parties stipulate that the minor is providing 'specific consent' to the Riverside County Probation Department and/or any law enforcement officer to search any and all devices pursuant to §1546(k) PC that he/she possesses, controls or owns.  Failure to provide a password or access to a Personal Electronic Device will be considered a violation of probation."

On appeal, minor contends that the electronic search condition is unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) as clarified by the California Supreme Court in *Ricardo P*., *supra*, 7 Cal.5th 1113.  Moreover, minor contends that the search condition is unconstitutionally overbroad.  We agree the condition must be stricken under *Lent* and *Ricardo P*., and do not reach the constitutional question.

4

"The sentencing court has broad discretion to determine whether an eligible defendant is suitable for probation and, if so, under what conditions." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) Penal Code section 1203.1 authorizes a sentencing court to impose "reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer." (Pen. Code, § 1203.1, subd. (j).)

A juvenile court may impose on a minor on probation "any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (Welf. & Inst. Code, § 730, subd. (b).) "A juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation and may even impose a condition of probation that would be unconstitutional or otherwise improper so long as it is tailored to specifically meet the needs of the juvenile." (*In re Josh W.* (1997) 55 Cal.App.4th 1, 5; *In re Sheena K.* (2007) 40 Cal.4th 875, 889.)

In *Lent*, *supra*, 15 Cal.3d 481, the California Supreme Court articulated the following test to determine whether a probation condition constitutes an abuse of discretion: "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Id.* at p. 486.) "This test is conjunctive—all three prongs

5

must be satisfied before a reviewing court will invalidate a probation term." (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).) "As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality." (*Id.* at pp. 379-380.) The *Lent* test applies to juvenile probation conditions. (*In re P.O.* (2016) 246 Cal.App.4th 288, 294; *In re D.G.* (2010) 187 Cal.App.4th 47, 52.)

In *Ricardo P.*, the California Supreme Court addressed whether an electronics search condition requiring a minor to submit electronics (including passwords) to search by a probation officer met the third prong of the *Lent* test. (*Ricardo P.*, *supra*, 7 Cal.5th at pp. 1116-1117, 1119.) The minor in *Ricardo P.* admitted two counts of felony burglary. (*Id.* at p. 1115.) There was no indication that an electronic device was used in connection with the burglaries. However, the probation report indicated that the minor was using drugs at the time he committed the offense, and the juvenile court further believed that "teenagers 'typically' brag about . . . drug use on social media." (*Id.* at p. 1119.) The juvenile court imposed probation conditions prohibiting the minor from using or possessing illegal drugs, as well as an electronics search condition "to enable probation officers to monitor whether [the minor was] communicating about drugs or with people associated with drugs." (*Ibid.*)

The California Supreme Court concluded that, even assuming the minor was using drugs at the time he committed the burglaries and that teenagers tend to brag about drug use online, the electronics search condition satisfied *Lent*'s third prong. (*Ricardo P.*,

6

*supra*, 7 Cal.5th at pp. 1119-1120.) The condition was invalid under that prong because "the burden it impose[d] on [the minor's] privacy [was] substantially disproportionate to the condition's goal of monitoring and deterring drug use." (*Id.* at p. 1120.)

First, the California Supreme Court explained that there must be a "closer relationship" between the probation condition and deterring future criminality. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1120.) This relationship must be "more than just an abstract or hypothetical relationship." (*Id.* at p. 1121.) The court noted that " '[n]ot every probation condition bearing a remote, attenuated, tangential, or diaphanous connection to future criminal conduct can be considered reasonable' under *Lent*." (*Id.* at p. 1127.) The court then explained that the record contained "no indication that [the minor] had used or will use electronic devices in connection with drugs or any illegal activity, [was] insufficient to justify the substantial burdens imposed by [the] electronics search condition." (*Id.* at p. 1116.) The court stated that "requiring a probationer to surrender electronic devices and passwords to search at any time is . . . burdensome and intrusive, and requires a correspondingly substantial and particularized justification." (*Id.* at p. 1126.)

Thereafter, the Supreme Court clarified that the third prong under *Lent* does *not* require a "nexus" between the probation condition and the underlying offense or prior offenses. (*Ricardo P.*, *supra*, 7 Cal.5th a p. 1122.) The court explained that " 'conditions of probation aimed at rehabilitating the offender need not be so strictly tied to the offender's precise crime' [citation] so long as they are 'reasonably directed at curbing [the defendant's] future criminality' [citation]. For example, courts may properly base

7

probation conditions upon information in a probation report that raises concerns about future criminality unrelated to a prior offense." (*Ibid.*)

Second, the California Supreme Court explained that "*Lent*'s requirement that a probation condition must be " 'reasonably related to future criminality' " contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1122.) "A probation condition that imposes substantially greater burdens on the probationer than the circumstances warrant is not a 'reasonable' one." (*Id.* at p. 1128.) Regarding this proportionality requirement, the court explained that a "probationer's offense or personal history may provide the . . . court with a sufficient factual basis from which it can determine that an electronics search condition is a proportional means of deterring the probationer from future criminality." (*Id.* at pp. 1128-1129.)

In *Ricardo P.*, the Supreme Court found that such proportionality was lacking in the case before it. The court explained that "nothing in the record suggests that [the minor] has ever used an electronic device or social media in connection with criminal conduct. The juvenile court instead relied primarily on indications that [the minor] had previously used marijuana and its generalization that 'minors typically will brag about their marijuana usage or drug usage, particularly their marijuana usage, by posting on the Internet, showing pictures of themselves with paraphernalia, or smoking marijuana.' Based solely on these observations, the juvenile court imposed a sweeping probation condition requiring [the minor] to submit all of his electronic devices and passwords to search at any time. Such a condition significantly burdens privacy interests." (*Ricardo

8

*P.*, *supra*, 7 Cal.5th a pp. 1122-1123.) Therefore, the court noted that the electronics search condition was "expansive in its scope: It allows probation officers to remotely access [the minor's] e-mail, text and voicemail messages, photos, and online accounts, including social media like Facebook and Twitter, at any time. It would potentially even allow officers to monitor [the minor's] text, phone, or video communications in real time. Further, the condition lacks any temporal limitations, permitting officers to access digital information that long predated the imposition of [the minor's] probation." (*Id.* at p. 1127.)

The court then went on to express concern that if it "were to find this record sufficient to sustain the probation condition at issue, it is difficult to conceive of any case in which a comparable condition could not be imposed . . . . Indeed, whatever crime a juvenile might have committed, it could be said that juveniles may use electronic devices and social media to mention or brag about their illicit activities." (*Ricardo P., supra*, 7 Cal.5th at p. 1123.) The court went on to explain that "[t]he plain language of this electronics search condition would require [the minor] to provide probation officers full access, day or night, not only to his social media accounts but also to the contents of his e-mails, text messages, and search histories, all photographs and videos stored on his devices, as well as any other data accessible using electronic devices, which could include anything from banking information to private health or financial information to dating profiles. [Citation.] If the juvenile court's observation that 'minors typically will brag about their marijuana usage or drug usage' online were sufficient to justify the

substantial burdens the condition imposes, it is hard to see what would be left of *Lent*'s third prong." (*Id.* at pp. 1123-1124.)

As in *Ricardo P.*, our analysis of the electronics search condition in this case is limited to the third prong of the *Lent* test. The record contains no evidence minor used any electronics or electronic communications in the commission of her criminal activity, and use of these electronic devices and services is presumptively legal activity. Thus, like in *Ricardo P.*, the electronics search condition here apparently satisfies the first two prongs of *Lent*.

Therefore, the issue on appeal is whether the third criterion under *Lent* is met: Whether the electronic search condition is reasonably related to minor's future criminality.

In this case, at the contested disposition hearing, in upholding the broad electronic search condition, the juvenile court relied on its concern that the 17-year-old minor may have been exploited by older adult males who participated in offenses that minor had previously committed. The court stated:

"Just because we don't have any evidence about sexual exploitation, any time an adult is committing a crime with a minor, . . . he's exploiting her for [his] own criminal gain . . . not necessarily—I don't know of any other information, but the threat is always there and that's enough for the Court to want to make sure that Probation has the opportunity to look at her. [¶] . . . [¶] . . . I think that based upon the number of charges how quickly and how active she was, and because a number of those involved male adults [I] think that risk alone . . . is enough to substantiate an intrusion into her privacy

10

of her cell phone. She didn't have to necessarily use it as means to conduct these charges, but most likely she did. . . . Who she's hanging out with and what they're talking about, I want to know."

We disagree with the trial court. The wide-ranging electronics search condition is not proportional to the crimes at issue here or the possible future criminality envisioned by the trial court. (See *Ricardo P.*, *supra*, 7 Cal.5th at pp. 1120, 1121 [there must be a "closer relationship" between the probation condition and deterring future criminality, and this relationship must be "more than just an abstract or hypothetical relationship"])

We are aware that "[t]the permissible scope of discretion in formulating terms of juvenile probation is even greater than that allowed for adults." (*In re Victor L.* (2010) 182 Cal.App.4th 902, 910.) " 'The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents' [citation], thereby occupying a 'unique role . . . in caring for the minor's well-being.' [Citation.] In keeping with this role, [Welfare and Institutions Code] section 730, subdivision (b), provides that the court may impose 'any and all reasonable [probation] conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' " (*Id*. at pp. 909-910.) " '[E]ven where there is an invasion of protected freedoms "the power of the state to control the conduct of children reaches beyond the scope of its authority over adults." ' [Citation.] This is because juveniles are deemed to be 'more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed.' [Citation.] Thus, ' "a condition of probation that would be

11

unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court." ' " (*Id*. at p. 910.)

Still, every probation condition must be made to fit the circumstances and the minor. (*In re Binh L.* (1992) 5 Cal.App.4th 194, 203.) Unlike an adult probationer, a juvenile " ' "cannot refuse probation [citations] and therefore is in no position to refuse a particular condition of probation." [Citation.] Courts have recognized that a "minor cannot be made subject to an automatic search condition; instead, such condition must be tailored to fit the circumstances of the case and the minor." ' " (*In re J.B.* (2015) 242 Cal.App.4th 749, 756 (*J.B.*), quoting *Erica R.* (2015) 240 Cal.App.4th 907, 914 (*Erica R.*).) Because of the immense amount of personal information that can be stored on electronic devices, and even greater amounts to be found on internet sites the devices can access, electronic search conditions carry obvious implications for constitutionally protected privacy interests. (See, generally, *Riley v. California* (2014) 273 U.S. 373, 493.)

On appeal, the People argue that, "[w]hen, as here, a minor has been declared a ward of the court because of a history of running away frequently; admitted a history of substance abuse; admitted criminal activity including multiple instances of unlawfully taking a vehicle in a short period of time, which endangered her safety and the safety of others; and involvement of adult males, which raised concerns of commercial sexual exploitation of children and criminal exploitation; and was removed from parental custody [citation], the state may elect to monitor her use of electronic devices. (*Antonio R.*[ 2000] 78 Cal.App.4th [937,] 941.)" The People, however, point to no evidence in the

record that would allow us to infer electronic communications were instrumental in minor's prior crimes or involvement with adult males. As provided above, there was nothing in minor's underlying offenses or her probation violations related to the use of electronic devices. Moreover, there was nothing in the history reflected in the probation reports suggesting minor's underlying offenses related to electronic devices or use of electronic devices for any unlawful purpose or to facilitate or promote unlawful conduct. Furthermore, as the Supreme Court in *Ricardo P.* stated: "If we were to find this record sufficient to sustain the probation condition at issue, it is difficult to conceive of any case in which a comparable condition could not be imposed, especially given the constant and pervasive use of electronic devices and social media by juveniles today. In virtually every case, one could hypothesize that monitoring a probationer's electronic devices and social media might deter or prevent future criminal conduct." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1123.)

Accordingly, we find that the electronic search condition is invalid under *Lent* and *Ricardo P.*, and therefore an abuse of the juvenile court's discretion. We hereby exercise our independent power to strike the electronics search condition as invalid under *Lent* and *Ricardo P.* (See *In re Edward C.* (2014) 223 Cal.App.4th 813, 829 [striking probation conditions].) Because we find that the probation condition is invalid, we need not address minor's argument that the condition is overbroad.

13

## DISPOSITION

The disposition order of February 11, 2020, is modified to strike the probation condition requiring minor to submit to a search of her electronics including her passwords.  In all other respects the disposition order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER                        
Acting P. J.

We concur:

CODRINGTON            
J.

MENETREZ            
J.

14